OPINION of the Court, by
Ch. J. Boyie.
This was an e jectment, on the trial of which several objections were taken on the part of the defendant to a copy of the patent produced by the plaintiff in order to prove his title to the iand jn controversy ; but the objections were overruled, an'd a verdict and judgment having been rendered for the plaintiff, the defendant has appealed to this court,
The assignment of error brings into view the objec-^ions taken to the copy of the patent produced by the plaintiff, and questions the propriety of the verdict and judgment on the ground of uncertainty. We will first consider the objections taken to the plaintiff’s title paper,
1st. “ It is objected that it was but a copy from the book in the register’s office of this state, which book was itself but a copy from the record book of patents belong-⅛⅛ to the register’s office of the commonwealth of Yir-ginla.,>
The general rule of evidence is certainly opposed to the admission of a copy of a copy in evidence, as it is also to the admission of a copy where the original is in the power of the party. The latter case is, however, as far as relates to records or papers belonging to the register’s office, clearly made an exception to the general rule, by the act of assembly, (1 Litt. 407) which prov^es “ all copies of the records and other papers of the sa'id office, duly attested by said register, shall be as good evidence as the originals would he.” Whether a copy from the book of copies, taken from the register’s office of Virginia, comes within the letter of this provisioñ, is to be sure more problematical. It would seem indeed as these copies were procured under the authority of the legislature, and directed by law to be kept in the register’s office, that they should be treated either as records or papers belonging to the office; and in either cake a copy from them would come literally within the provision just recited. But be this as it may, there can be lio doubt that such a copy is embraced by the reason and *407 spirit of the provision. The great and primary object of the legislature of this state in procuring copies of patents from Virginia, must have been to facilitate th? production of the evidences of title to lands which had been granted in the bounds of this state while a, part of Virginia. Rut as these copies, like the other papers and records of the register’s office, are to be kept in the office, and cannot be removed from place to place, there is the same reason that a copy from them should be used in evidence as that a copy of any other paper or record of the office may be so used. We are therefore of opinion this objection cannot prevail.
2d. The second objection taken to the copy used by the plaintiff as evidence of his title, is that it had no seal of the commonwealth, nor any exemplification or imitation of such seal.
Whatever the law has required to be recorded as a part of the patent, ought no doubt to be coptained in a copy before it can be admitted as evidence j but according to the plain and grammatical construction of the language used by the legislature, the seal of the commonwealth is not required to be recorded. The law provides that when the patent shall be signed by the governor “ it shall be sealed with the seal of the commonwealth, and then entered of recordthus plainly requiring that only which is to be sealed to be recorded: or in othérwords, it is thegrantor patent which is to be sealed, and it is the grant or patent which is to be recorded.
It is true this construction presupposes the seal not to be a part of the grant, nor in strict propriety is it a part. It Is to be sure a necessary appendage to the grant; but the very idea of its being an appendage, implies that it is not a part of it.
Were the meaning of the legislature obviously opposed to a strict grammatical construction, there would be no doubt that the latter should give way to the former; but we do not apprehend such to be the case in the present instance: and we are the more inclined to adhere to the grammatical construction on this occasion, because it is found to be in conformity to the practical exposition of the law. For it hás been the uniform practice from the passage of the law to the present time, with the exception of the first four years after the separation of this state from Virginia, to record the grants for land without annexing the seal hr any emblenj of the seal of *408 the fnnmomveaRh to the record. If a different expósítion should now be given to the law, it is manifest that the object of the■ legislature in making copies of the records from the register’s office evidence, would be almost entirely defeated. In fact, tío other exposition Would be practicable ; for there is no way in which the seal could be recorded in strict propriety. The most that could be done would be to record the fact that the original grant was sealed: for a scrawl, or any other emblem or imitation of the seal, would not, strictly speaking, be a record of the seal.
Sd. The third objection taken to the copy Offered by the plaintiff to prove his title, was that it had on it no endorsement that the grantee was entitled to the same, as required by law.
It is true that the law requires such an endorsement to be made upon the grant; but the probable intention of the legislature in making this requisition was not, as was supposed by the appellant’s counsel to give efficacy to the grant, or to confer title upon the grantee, but merely to enable the officers through whose hands the grant was to pass, to know with more convenience than they otherwise could do, to whom to deliv er it; and whenever the grant was delivered the endorsement was functus officio, and could have no other operation. Besides, We do not understand the law to require the endorsement to be recorded; and what is not recorded, need not be copied, in order to enable the party to use the copy as evidence.
4th. The fourth and last objection taken to the copy in this case, is that the name of Edmund Randolph is inserted in the beginning of the grant as governor, whereas it is signed by Patrick Henry, and purports in the conclusion to be executed by him as governor.
The insertion of the name of E. Randolph was no doubt by mistake; but it is a mistake which cannot vitiate the grant: for there is sufficient on the face of the grant whereby the-mistake may be corrected. '
Upon the whole, therefore, We are of opinion that the objections taken by the defendant to the copy of the grant produced by the plaintiff, were properly overruled by the court below.,. ,
With respect to the uncertainty oti the ground of which ■the propriety of the verdict and judgment is called in question, it is- süfiicient to remark* that it is produced *409 by their referring to the Conner ted plat, which is not a part of the record. But this reference may with great propriety he considered as surplusage; for if stricken out, the verdict and judgment would then be in the usual form and unobjectionable,
judgment affirmed with costs.