Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a judgment for the defendants, in an action of ejectment on the demise of Achilles Sneed, who held a derivative title under a royal grant, made on the 15th of December, 1772, to John Fry, for military services rendered by him in Virginia, in the colonial wars, between 1754 and 1759.
The grant reserved an annual quit rent in fee, of one shilling for every fifty acres; required improvements, within three years, to the extent of clearing and cultivating as much as three acres for each fifty acres, and declared that, in the event of a failure, for three years, thus to improve and cultivate, and pay rent, the estate grant should, ipso facto, cease and determine. And there being no proof of a compliance with those conditions, the Circuit Judge instructed the jury that the grant was void.
That instruction presents the only question we shall now consider.
The reasons assigned for the instruction, are obviously insufficient to show, either that the grant had become void, or that the title had reverted to the crown of England, or to the Commonwealth of Virginia.
Royal quit rents, and conditions in grants, were long since abolished, and the grants, now fee simple titles, are unaffected by them—unless there was some appropriation of the land before the act passed.
Copies of patents for land, are made evidences of titles by statute, which does not require that the official seal of the grantor should be registered, by fac simile, or otherwise, as part of the grant.
The registration of a grant, with a certificate that it conferred a complete title, justifies the presumption, that it was duly sealed.
First. The title was vested, and the prescribed cultivation and payment of rents constituted conditions subsequent, and therefore, the burthen of showing a forfeiture or extinguishment of the estate, devolved on the defendants, and they did not attempt to prove any fact whatsoever.
Second. An act of the Virginia Legislature, of 1777, abolished all royal quit rents; and, in 1796, the Legislature of Kentucky declared that all conditions in grants from the crown of England for land lying in this State, should be void, and that the grantees should hold in fee simple. And it neither appears that, prior to either of those enactments, there had been any other appropriation of the land now in controversy, nor that any such appropriation of it, as vacant land, was ever authorized by either England, Virginia, or Kentucky; and therefore there can be no doubt that the title, as first granted, remains unaffected by the conditions in the grant.
But the counsel for the defendants insist, nevertheless, that the instruction should be sustained, because the copy of the patent, as certified by the register of the land office, does not exhibit the seal of the King, or of his Governor, Lord Dunmore; and therefore, as he argues, it is no evidence of title.
Were it conceded that, though the grant was made a matter of record, it passed no title unless it was sealed, still we are clearly of the opinion, that the copy, as certified, is legal and conclusive evidence that the title was vested in Fry, the grantee. A statute of this State makes certified copies of patents for land legal evidence of title. And not only is the official seal of the grantor no part of the grant required to be registered and certified, but it would be unreasonable to expect a fac simile copy of the actual seal of the King, or of the colonial Governor; and moreover, if a seal was necessary, the fact of registering the grant, and certifying it as a complete and sufficient title, authorizes the presumption that the original was perfect and properly authenticated.
Hence it seems very plain to us, that the absence of a seal to the certified copy, is not fatal or material; and, in this conclusion, we are sustained by an express de *189 cision by our predecessors, in the case of Hedden vs. Overton, 4 Bibb, 407.
Wherefore, the judgment of the Circuit Court is reversed, and the cause remanded for a new trial.