## SMITH *v.* DALL.

POSSESSION of a tenant not notice of his landlord's title. TERRY, C. J.
The omission, in the record of a deed, to make a copy of the seal or some mark to indicate the seal, does not vitiate the record. It is sufficient if it appear from the record, that the instrument copied, is under seal—as, for instance, where the deed purports to be under seal, and to be signed, sealed, and delivered, in the presence of the Notary before whom it was acknowledged. TERRY, C. J.

APPEAL from the Twelfth District.

The case is stated by the Court.

*D. W. Perley,* for Appellant, cited 2 Sug. Vend. 555—558; *Attorney-General* v. *Backhouse,* 17 Vesey; *Fogg* v. *Mann,* 2 Sumner; *Beebee* v. *Butler,* 26 Missouri, 321; *Vaughn* v. *Tracy,* 25 Id. 321; *Veeser* v. *Baker,* 23 Maine, 171; *Knox* v. *Selloway,* 10 Id. 207; *Jacques* v. *Weeks,* 7 Watts, 273; *Hardy* v. *Sowers,* 10 Gill. & J. 317; 11 Met. 248; *Fogg* v. *Mann,* 2 Sum. 555.

TERRY, C. J. delivered the following opinion:

This is an action of ejectment for a lot in San Francisco: both parties deraign title from the same source, through various mesne conveyances; the defendant claiming under a prior unrecorded title, accompanied by possession in himself or his tenants.

It appears from the record that the premises in question were originally granted by T. M. Leavenworth, Alcalde of San Fran-

cisco, to Charles Richardson, who, acting by his Attorney, John H. Brown, conveyed the same to Malachi Fallon, by a deed which was never recorded.

Afterwards the same property was conveyed by Charles Richardson to Whitcomb and Lien, and by them to the plaintiff. The deed from Richardson to Whitcomb and Lien, was under seal and duly acknowledged. It was recorded on the day after its execution; but on the books of the record there is no copy of seal, or mark, indicating that there was a seal to the instrument. At the time of the conveyance from Whitcomb and Lien to the plaintiff, defendant was absent from the State, and the premises were in the possession of his tenants, and plaintiff was a purchaser for a valuable consideration, and had no actual notice of the existence of the deed from Richardson to Fallon. The Referee reported a finding and judgment in favor of plaintiff, which report was set aside and a new trial granted, and from this order plaintiff appeals.

Two questions are presented by the record :

1st. Is the possession of a tenant notice of his landlord's title ?

2d. Does the fact that the Recorder failed to make some mark upon his books to indicate that there was a seal to the conveyance recorded vitiate the record ?

Upon the first point, the weight of authority is that possession (if notice at all under the recording act,) is notice of the title of the possessor alone, and no other. " Notice of a tenancy will not, it seems, affect a purchaser with constructive notice of the lessor's title. Therefore, if a person equitably entitled to an estate let it to a tenant who takes possession, and then the person having the legal estate, sells to a person who purchases *bona fide,* and without notice of the equitable claim, the purchaser must hold against the equitable owner, although he had notice of the tenant being in possession." (2 Sug. on Vendors, 558.)

In *Fogg* v. *Mann,* (2 Sum. 555,) Judge Story says : " It would be pushing the doctrine of constructive notice to a great degree of extravagance, to hold that a purchaser was bound to know, not only the title of the party in possession, but all its derivative sources. Indeed, the American Courts seem indisposed to give effect to this doctrine of constructive notice from possession, even in its most limited form." After referring to the authori-

ties upon the proposition, he further says : " These cases do, as I think, admonish Courts of Equity in this country, when registration of deeds as matters of title is universally provided for, not to enlarge the doctrine of constructive notice, or to follow the English cases on this subject, except with a cautious attention to their just application to the circumstances of our country and to the structure of our laws." This view is consistent with the former rulings of this Court, and does not conflict with the opinion of the majority of the Court in *Hunter* v. *Vance.*

Upon the second point there seems to be no direct decision.

The object of registration of a deed is to give notice to the public of the fact that the title to the property has passed from the vendor, and thereby prevent others from dealing with him as the owner. The conveyance itself is required to be copied into the record, in order that parties may determine its sufficiency and the character of the estate conveyed. To accomplish this end, it is not necessary that the seal should be copied upon the book; it is enough if it appear from the record that the instrument copied is under seal. This, we think, is sufficiently shown by the record of the conveyance from Richardson. The deed purports to be under seal, and to have been signed, *sealed,* and delivered, in the presence of the subscribing witness, who was the Notary before whom it was acknowledged.

The order setting aside the report of the Referee is reversed, and the cause remanded to the Court below, with instructions to enter judgment upon such report.

FIELD, J.—I concur in the judgment.