————o————

JOHN B. DALE, *et al.*, Appellants, *vs.* SOLOMON WRIGHT, Respondent.

1. *Judgment for costs not final.*—A judgment for costs is not a final judgment from which an appeal will lie. (Boggess vs. Cox, 48 Mo., 278.)
2. *Notary Public—Certificate—Failure to mention seal—Copy of certificate, etc.*—A notary's certificate is not rendered invalid by reason of the mere fact that it purports to be executed under his "hand and official signature," and that his notarial seal is not mentioned therein, where the seal is attached to the certificate.  And in such case, a copy taken from the recorder need not have the impress of the original seal; that may be indicated by a scrawl.

*Appeal from Jasper County Court of Common Pleas.*

*W. H. Phelps*, for Appellant, cited Clark vs. Rynex, 53 Mo., 380.

*H. H. Woodmanser*, for Respondent: cited Boggess vs. Cox, 48 Mo., 278 ; Young vs. Stonebraker, 33 Mo., 117 ; 4 Blackf. Ind., 158 ; Cartmill vs. Hopkins, 2 Mo., 220 ; Boynton vs. Reynolds, 3 Mo., 79 ; Grimsley vs. Riley, 5 Mo., 280 ; Walker vs. Keile, 8 Mo., 301 ; Glasscock vs. Glasscock, 8 Mo., 577 ; Moreau vs. Detchemendy, 41 Mo., 431 ; 1 Wagn. Stat., 274, § 9 ; *Id.*, 278, § 30 ; Patterson vs. Fagan, 38 Mo., 70.

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiffs, who were husband and wife, to recover the possession of forty acres of land described in the petition, and charged to be the lands of the wife, which, it was alleged, were wrongfully in the possession of the defendants, and withheld from the plaintiffs.

The petition was in the usual form. The defendant, by his answer, denied the allegations of the petition, and also set up title to the land in himself by virtue of a conveyance from the grantor of the plaintiffs—of which it was charged that the plaintiffs had notice at the time of their purchase of the land, from the same grantor.

The replication denied the defendant's title, and all notice of the same.

The cause was tried before a jury. The plaintiff, amongst other deeds offered in evidence, which were necessary to show a chain of title from the United States to the plaintiff, Sarah T. Dale, after having made the necessary preliminary proof, offered in evidence a certified copy of a deed, certified from the recorder's office of Jasper County, and which purported to convey the land in controversy, from John B. Dale to John Dale.

This evidence was objected to by the defendant, on the ground that the said deed did not appear to have been properly acknowledged as the law directs, and that, therefore, a certified copy could not be read in evidence; that the acknowledgment of the deed was defective in this, that the officer before whom it was made had not mentioned the seal of his office in the body of his certificate, and that no seal of the notary public was attached to his certificate.

The court sustained the objection to the copy of the deed, and excluded it from the evidence in the cause.

To this ruling of the court, the plaintiff excepted.

After the plaintiffs closed their evidence, it being apparent that their title was defective without the help of the excluded deed, the court instructed the jury to find a verdict for the defendant.

The plaintiffs then, by leave of the court, took a non-suit with leave to move to set it aside. This motion was afterwards made and overruled by the court, when the plaintiffs again excepted, and have appealed to this court.

The only question raised or insisted on by the plaintiff in this court, is as to the propriety of the action of the court be-

low in excluding the certified copy of the deed from John B. Dale to John Dale, for the land in controversy, from the evidence in the cause. The defendant has, however, raised a preliminary question, which will be first considered, and which will dispose of the case, as it now stands before this court.

It is insisted by the defendant, that no final judgment has ever been rendered in the cause, from which an appeal would lie. The only judgment rendered in the cause by the common pleas court, is a judgment for costs against the plaintiff.

When the plaintiff took a non-suit, the following entry appears: "It is therefore considered and adjudged by the court, that the defendant have and recover of and from the plaintiff, his costs in this behalf laid out and expended." This is the only judgment appearing in the record.

The exact question involved in this case was decided by this court in the case of Boggess vs. Cox, (48 Mo., 278). It was there held, that a judgment, in all of its particulars similar to the judgment in this case, was not a final judgment from which an appeal could be taken, and although we dislike to dispose of cases in this court on points not going to the real merits of the cause, we can see no reason why we should depart from the decision in that case. The appeal must therefore be dismissed. Inasmuch, however, as the judgment may be corrected after the appeal is dismissed, and the case again brought here to be decided on the question presented by the plaintiff, we deem it advisable to express the opinion of this court at this time, in reference to the exclusion of the deed offered in evidence by the plaintiff.

The certified copy of this deed was objected to—because it was defectively acknowledged in this: "That the pretended officer had not mentioned the seal of his office, in the body of his certificate, and that no seal of said pretended notary public was attached to the certificate of the officer.

The certificate of acknowledgment was as follows:

" State of Texas,　　　�️
　　County of Fannin. ⎰

Before me, Robert S. Cox, a Notary Public, in and for the said county of Fannin, personally came John B. Dale, the

grantor in the foregoing deed, to me well known, and acknowledged that he executed the foregoing deed, for the purposes and consideration therein contained.

In testimony whereof, I have hereunto set my hand and official signature, this 26th day of March, 1870.

{ SEAL. }                                   ROBERT COX,
                                            Notary Public.

The form of this acknowledgment is in substantial conformity to the statute, and if the notarial seal was attached to the certificate, it was not necessary that the certificate should purport to be under seal, or that it should be stated in the body of the certificate, that it was executed under the seal of the notary. Where a deed is executed by a party, and a scrawl substituted for a seal, then the statute requires that the instrument or deed should purport to be under seal; but where a seal at common law is used, the deed need not further purport to be under seal, the seal in such case being sufficient. (1 Wagn. Stat., 1872, p. 269, § 5; Boynton vs. Reynolds, 3 Mo., 57.)

It is insisted by the defendant, that no seal appears to the certificate of the notary to the acknowledgment of the deed, as the same is set forth in the certified copy offered in evidence.

It is true that the real impression made by the notarial seal is not made on the certified copy taken from the record of the deed, and in such case it is impossible that it could so appear either in the copy taken from the record or upon the record itself. All that the recorder can do in recording a deed having the official seal of a notary impressed thereon, is to make some proper entry on the record, indicating the place or situation of the notarial seal, as was done in the present case, and the mere fact that the notary had said that it was executed under his "hand and official signature," in place of his official seal, can make no substantial difference.

8—VOL. LVII.

We think that the court improperly excluded the certified copy of the deed. But for the reason that no final judgment appears in the record, the appeal must be dismissed. The other judges concur.