————o————

DANIEL GEARY, Respondent, *vs.* CITY OF KANSAS. Appellant.

1. *Evidence—Record copy of seal.*—The record copy of a deed need not contain a copy of the seal, nor any *locus sigilli* or scrawl. A statement in the body of the certificate, that the officer who made it affixed the seal of his office, raises the presumption that such was the fact.

2. *Evidence—Mayor of Kansas City—Private seal of, when insufficient.*—The charter of Kansas City gave the mayor authority to take acknowledgments of deeds "and certify the same under the seal of the city." But the city in fact provided no seal. *Held,* that, notwithstanding, he might adopt as official seal a scrawl or other device, and his certificate containing the declaration that it was under the seal of the city, would be sufficient; but otherwise, where it concluded with the words "given under my hand and private seal, there being no official seal of office provided."

*Appeal from Jackson County Circuit Court.*

*J. Brumback,* for Appellant, cited in argument, Hedden vs. Overton, 4 Bibb., 406 ; Griffin vs. Sheffield, 38 Miss., 361; Jones vs. Martin, 16 Cal., 165 ; Snead vs. Ward, 5 Dana., 187 ; Smith vs. Dill, 13 Cal., 510 ; Switzer vs. Knapp, 10 Ia., 72 ; Hasting vs. Vaughn, 5 Cal., 313 ; Fort vs. Burch, 6 Barb., 60 ; Ang. & Am. Corp., § 217, p. 202, 4 ed., ch. 7 ; Savings Bank vs. Davis, 8 Conn., 191 ; Hatch vs. Barr, 1 Ohio, 390 ; Marrow vs. Brock, 12 Ill., 273.

NAPTON, Judge, delivered the opinion of the court.

There are only two points of law presented by the record in this case. The first arises on the record copy of a deed, in which the certificate of acknowledgment, as it appears in the record, is as follows :

"In testimony whereof I hereunto set my hand and affix the seal of said court, at my office in Jefferson, this, the 8th day of May, 1850.          ABNER KELLOGG, Clerk."

No seal appears on the record, nor is any *locus sigilli* or scrawl noted on the record.

The case of Dale vs. Wright (57 Mo., 110) was a case in which the record did not give the seal, but the place of the seal was indicated by a L. S., or scrawl, and the record was held sufficient.

But it is not necessary for the recorder to attempt to copy the seal—nor is it necessary for him to note the place where the seal was placed in the original ; the statement in the body of the certificate, that the clerk who made it affixed the seal of said court, authorizes the presumption that such seal was affixed, and the general current of authority favors this view. (Hedden vs. Overton, 4 Bibb., 406 ; Griffin vs. Sheffield, 38 Miss., 359 ; Snead vs. Ward, 5 Dana, 187 ; Smith vs. Dill., 13 Cal., 510.)

In Jones vs. Martin (16 Cal., 165) where the recorder not merely omitted any seals, but placed the words "no seal" to a certificate purporting to be under the hand and official seal

of the notary, it was still held sufficient. We think there was no error in this ruling.

The second point preserved in the bill of exceptions arises on the sufficiency of a certificate of acknowledgment given by the mayor of Kansas City. This certificate concluded in these words, "given under my hand and private seal, there being no official seal of office provided.

M. J. PAYNE [seal] Mayor."

The authority of the mayor to take acknowledgments of deeds, was granted in the charter in these words: "The mayor shall be *ex officio* a justice of the peace within and for the city, and have the same jurisdiction in all cases in the city as justices of the peace shall, by the laws of the State, have in their respective townships. He shall be authorized to administer oaths, take depositions and acknowledgments of deeds, mortgages, and all other instruments of writing affecting the title of lands and *certify the same under the seal of the city*, which shall be received as good and valid throughout the State of Missouri."

The charter provided that the city might have a common seal and change it at pleasure.

The certificate of the mayor does not purport to be under the seal of the city; on the contrary, it is expressly declared to be sealed with the mayor's private seal, and the reason assigned for this is, that no common seal of the city had been provided.

The fourth section of the act concerning Courts of Record (Wagn. Stat., 419) declares: "When no seal is provided, the clerk may use his private seal for the authentication of any record, process or proceeding, required by law to be authenticated by the seal of this court, and the attestation of the clerk, stating that he has no seal of office, and that he has affixed his private seal, shall be received as sufficient authentication, without requiring any proof of such private seal, or that it was affixed."

The mayor of Kansas City seems to have been misled by this enactment, and fallen into the conclusion that as the leg-

State ex rel. v. Leathers, et al.    .

islature allowed clerks of courts of record to use their private seals, he might do the same thing. But we have not been referred to any law which extends this privilege to the mayor —we suppose there is no such law, and the charter under which he derives his power to take such acknowledgments only authorizes him to give certificates "*under the seal of the city.*"

We are not at liberty, in this case, to infer that the seal of the mayor was the seal of the city, for he declares that it was not, and that it was merely his private seal, and that the city had not provided him with any official seal. Had he certified that this certificate was under the "seal of the city," it would not have been of any consequence that the city had provided no seal, as its officers could have adopted a scrawl or any other device, and changed it at their pleasure. So, in this case, although we might concur with C. J. Hosmer (in Savings Bank vs. Davis & Contre, 8 Conn., 200) that the seal of the agent should be deemed, in contemplation of law, the seal of the principal, and that the convenience of the public imperatively required the adoption of this principle, it would not avail here, since the charter of Kansas City expressly requires the mayor, when acting in the capacity of notary or justice, to certify his acts under the seal of the city, and no authority is given him to certify them under his private seal.

The ruling of the court, in this point, was erroneous, and therefore the judgment will be reversed and the cause remanded. Judge Vories absent, and Judge Hough not sitting; the other judges concur.