[No. 1,067.]

FLOWERY MINING COMPANY, Appellant, v. NORTH BONANZA MINING COMPANY et al., Respondents.

DEED—RECORDING OF SEAL NOT NECESSARY—WHEN ENSEALING WILL BE PRESUMED.—The recording of the seal to a deed is not absolutely essential. If the original instrument can not be produced, and the record thereof is offered in evidence, the existence of the seal will be presumed from the statement in the deed that the grantor did set his hand and affix his seal thereto, and from the attestation clause that it was signed, sealed, and delivered in the presence of witnesses.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*R. H. Taylor* and *E. F. Preston*, for Appellants:

The court erred in sustaining the objection to the offer

made of secondary evidence of the deed.   The deed shows an ensealing.   The subscribing witnesses attest the ensealing.   The presumption is that it was sealed, and the burden of proof is upon the party making the objection.   *Omnia præsumuntur rite et solleniter esse acta donee probetur in contrarium.*   (*Gray* v. *Gardiner*, 3 Mass. 398; *Pejepscut* v. *Ransom*, 14 Mass. 144; *McQueen* v. *Farquhar*, 11 Ves. 467; *Marine Inv. Co.* v. *Haviside*, 5 (L. R.) Eng. & Irish App. 630; 2 Best on Ev., sec. 362; *Talbot* v. *Hodson*, 7 Taunt. 251; *Burling* v. *Paterson*, 9 C. & P. 572; *Doe* v. *Phelps*, 9 Johns. 169; *Supervisors* v. *White*, 30 Barb. 78; *McBurney* v. *Gutler*, 18 Id. 211; *Jones* v. *Martin*, 16 Cal. 166; *Estate of Sticknoth*, 7 Nev. 234.)

*Lewis & Deal*, for Respondents:

I. The word deed, as used in the statute (1 Comp. L. 76), means a written instrument under seal.   That is not only the legal meaning of the word, but its common signification.   (Bouv. Dic. 444; 1 Comp. L. 96; Civ. Pr. Act, sec. 234.)

II. A deed of real estate must be under seal, except where that formality is dispensed with by statute.   (3 Wash. on Real Prop., 244, 245; 2 Hill. on Real Prop. 424, 425; *Lessee of Merritt* v. *Horne*, 5 Ohio St. 319; 4 Crui. 28; *Underwood* v. *Campbell*, 14 N. H. 396; 1 Chitty on Cont. 4; 1 Wait's Actions and Defenses, 674.)

III. There being no seal indicated in the record, there is no more presumption that there was a seal than there would have been if the original deed had been presented without a seal.   (*Chilton* v. *People*, 66 Ill. 501.)

IV. The record offered must stand for itself, and can not be aided by any presumptions.   (*Downing* v. *Haxton*, 21 Kan. 178; *Georgia R. R. Co.* v. *Hamilton*, 59 Ga. 171.)

V. Without the production of the subscribing witness and his testimony as to the fact of the ensealing of the deed, the record stands as if there had been no subscribing witness.   If the original deed had been produced, it would have been necessary to produce the witness himself to prove

the execution of the deed. (1 Greenl. on Ev., secs. 569 and 569, A.)

By the Court, HAWLEY, J.:

Upon the admission of defendants' counsel that the original deed was lost, the plaintiffs offered in evidence the record of a deed from the Flowery mining company, executed by William I. Cummings, late sheriff of the county of Storey, to John W. McKenney, as secondary evidence of its contents.

The attestation clause reads as follows:

"In witness whereof, the said sheriff, the said party of the first part, has hereunto set his hand and seal, the day and year first above written. W. I. Cummings, late sheriff. * * * Signed, sealed, and delivered in the presence of Philip Stoner."

This deed was properly acknowledged before a notary public. The defendants objected to the admission of this deed in evidence upon the ground that there was no proof of the ensealing of the deed. The court sustained the objection and granted a nonsuit. Did the court err in excluding the record of the deed as evidence? The decisions, rendered upon the principles of the common law, all declare that it is just as necessary that a deed should be sealed as that it should be signed and delivered. The respondents' counsel, therefore, claim that the record, in the absence of any evidence to the contrary, must be taken as conclusive that the original deed was not sealed. This position has much reason to support it, and is sustained by *Switzer* v. *Knapp*, 10 Iowa, 75, where the court said: "The complainant further asks, what if the copy does not show a seal. A scroll stands for this, and how can a scroll be copied? It is copied the same as a seal is, by the word 'seal,' or by a scroll, or by this and the word 'seal,' or the letters 'L. S.' without it. The copy of a deed without any mark indicating a seal, is evidence that there was none."

On the other side, appellant contends that the ensealing of the deed will be presumed, and that the burden of proof,

to the contrary, rests upon the party making the objection. Counsel rely upon the authority of 1 Sugden on Powers, 283, where, after stating that sealing is essential to a deed, the author says that "where the instrument is a deed, and on proper stamps, and it is stated in the attestation to have been sealed and delivered in the presence of the witnesses, it will, in the absence of evidence to the contrary, be presumed to have been sealed, although no impression appear upon the parchment or paper." No authorities are cited, by the author, in support of this text. The text is, however, followed by Matthews on Presumptive Evidence, 36, and by Taylor on Evidence, sec. 128.

We agree with respondents' counsel, that the English cases cited by appellant do not support the text as above stated, and if the case rested upon the authorities presented in the briefs of the respective counsel, we would be inclined to sustain the action of the court in excluding the record of the deed. But, upon further examination, we find that a majority of the decisions in the United States are to the effect that the recording of the seal is not absolutely essential; that if the original instrument can not be produced, the existence of the seal will be presumed, from the statement in the concluding portion of the deed, that the grantor did set his hand and affix his seal thereto, and from the attestation clause, that it was signed, sealed, and delivered in the presence of witnesses.

In *Geary* v. *The City of Kansas*, 61 Mo. 379, no seal appeared on the record of the certificate of acknowledgment to the record copy of a deed. The court said: "It is not necessary for the recorder to attempt to copy the seal, nor is it necessary for him to note the place where the seal was placed in the original; the statement in the body of the certificate, that the clerk who made it affixed the seal of said court, authorizes the presumption that such seal was affixed, and the general current of authority favors this view. (*Hedden* v. *Overton*, 4 Bibb, 406; *Griffin* v. *Sheffield*, 38 Miss. 359; *Sneed* v. *Ward*, 5 Dana, 187; *Smith* v. *Dall*, 13 Cal. 510.)"

Our statute relative to the acknowledgment and record-

ing of conveyances is substantially the same as the statute of California. Terry, C. J., in delivering his opinion in *Smith* v. *Dall, supra,* said: "The conveyance itself is required to be copied into the record, in order that parties may determine its sufficiency and the character of the estate conveyed. To accomplish this end it is not necessary that the seal should be copied upon the book; it is enough if it appear from the record that the instrument copied is under seal. This, we think, is sufficiently shown by the record of the conveyance from Richardson. The deed purports to be under seal, and to have been signed, *sealed,* and delivered in the presence of the subscribing witness."

Sanderson, J., in *Emmal* v. *Webb,* 36 Cal. 203, considered that the question admitted of debate, but did not decide it. In a recent decision by Mr. Justice Field, of the supreme court of the United States, he adds the weight of his judicial sanction in terms direct, clear, and explicit, to the principles announced in *Smith* v. *Dall.* In *Le France* v. *Richmond,* 5 Sawy. 603, he said: "There is no doubt that a seal is essential to a conveyance of real property. * * * The general doctrine with reference to instruments by which real property is transferred is the same in California as in other states—the instruments must be sealed. The transfer *inter vivos* can only be made by deed, and a deed implies sealing; its definition is ' a writing sealed and delivered by the parties.' (2 Blackstone, 295.)"

After copying the text from Sugden on Powers, already quoted, he adds: "The presumption thus indulged is more just and natural where the original instrument is lost, and resort is had to secondary evidence of its contents. The statute, in providing for the record of deeds, does not require any note or entry by the recorder of the existence of a seal to the original; yet copies from the records are made admissible in evidence with the like effect as the originals, when the latter are beyond the possession or control of the party. The existence of the seal to the original must, therefore, in the majority of cases, where copies are used, be a matter of presumption, and the fact may be fairly presumed from any expressions in the conclusion of the instru-

ment, as in the copy produced in the present case or in the attestation indicating that a seal was affixed."

In the light of these authorities we think the court erred in sustaining the defendants' objection.

The judgment of the district court is reversed, and the cause remanded for a new trial.