JEROME J. BICK, Appellant, v. J. ELBERT SEAL AND SARAH A. SEAL, Respondents.

St. Louis Court of Appeals, March 4, 1890.

Appeal: FINAL JUDGMENT. An adjudication of costs, without any order disposing of the cause, is not a final judgment, and, therefore, an appeal does not lie therefrom.

*Appeal from the Monroe Circuit Court.*—HON. THOS. H. BACON, Judge.

APPEAL DISMISS

*R. N. Bodine*, for the appellant.

*T. P. Bashaw* and *Bristow & Lighter*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This case was argued and submitted at the March term, 1887. On looking through the record, we found an entry showing that there had been a trial before a jury, and a verdict in favor of both defendants, but no judgment was entered thereon. Supposing that this may have been due to an omission of the clerk, we called the attention of counsel to the fact, and laid the case over, to the end that they might supply the defect by an entry of judgment in the circuit court *nunc pro tunc*. Such an entry was made in the circuit court by stipulation of counsel, and a transcript of it has been filed in this court. This entry recites the fact of the rendition of the verdict, and proceeds to say : "And, whereas a judgment was thereupon rendered by this court in behalf of defendants for their costs in this behalf expended, but said judgment was not entered upon the records,—now, therefore, it is ordered, adjudged and decreed in accordance with the stipulation filed in this cause, that defendants have and recover of plaintiff the sum of —— dollars, their costs in this behalf expended, and that this judgment be held and considered in all respects as of the date of March 7, 1887." It is perceived that this is a judgment for costs merely, and is not a final judgment, from which an appeal will lie. It does not recite that the defendants *go hence*, but, in theory of the law, the defendants are still in court. *Dale v. Wriyht*, 57 Mo. 110; *Boggess v. Cox*, 48 Mo. 278. Near the commencement of the last term we called the attention of counsel to this defect, but it has not been remedied. We must, therefore, dismiss the appeal. It is so ordered. All the judges concur.