## SIBLY v. ENGLAND.

### Opinion delivered April 26, 1909.

1. QUIETING TITLE—SUFFICIENCY OF PLAINTIFF'S TITLE.—In suits to quiet title the plaintiff must succeed, if at all, upon the strength of his own title, and not upon the weakness of his adversary's, and the burden is upon him to show title. (Page 423.)

2. EVIDENCE—ADMISSIBILITY OF CERTIFIED COPY OF DEED.—A certified copy of a recorded deed is admissible in evidence without proof of its execution. (Page 423).

3.  SAME—CERTIFIED COPY OF DEED—CORPORATE SEAL.—Where a certified copy of the record of a deed from a corporation is offered in evidence, and such copy recites that the deed was executed by the president signing the deed and affixing the corporate seal, it will be presumed that the officer who executed the deed was authorized to do so, and that the corporate seal was affixed to the deed, although the record does not show that the corporate seal was attached.  (Page 424.)

4.  ADVERSE POSSESSION—PAYMENT OF TAXES—CONTINUITY.—The constructive adverse possession created by the payment of taxes on vacant land is broken by the bringing of a suit to quiet title to the land before the expiration of seven years from the date of the first payment.  (Page 425.)

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Jno. W. Blackwood* and *Geo. Sibly,* for appellant.

1.  The deed to Dismukes & Forsythe was void.  There was no seal attached.  Hence it was not the deed of the corporation. 1 Devl. on Deeds, p. 317, § § 335, 336; 1 Warvelle on Vendors, p. 483, § 2, and note 1, p. 482.

2.  Seals have not been dispensed with in Arkansas in cases of corporations.  1 Warvelle on Vendors, 494, § 2.  To bind a corporation by deed, the instrument must be sealed.  I Dembitz on Land Titles, p. 395, § 55, p. 229, § 552-3; 1 Mor. on Corp., § 552-3; 2 *Id.,* § 227.

3.  Payments of taxes for seven years in succession, three of which were since the passage of the act of March 18, 1899, on wild, unoccupied lands is the same as actual possession.  74 Ark. 302; 83 *Id.* 154.

4.  A title acquired by adverse possession is sufficient to quiet title. 83 Ark. 534.

*Rose, Hemingway, Cantrell & Loughborough* and *Trimble, Robinson & Trimble,* for appellee.

1.  The deed to Dismukes & Forsythe was valid, and appellee had no title.  It is not necessary that the record show that the corporate seal was attached.  The instrument itself recites that fact.  1 Devlin on Deeds, § 700; 13 Cal. 510; 16 *Id.* 166; 4 Bibb, 407; 5 Dana, 188; 61 Mo. 378; 86 N. Y. Supp. 1.

2.  The recital in the deed that it is sealed raises the presumption that it was sealed, and that the officer who executed it

was authorized to do so. 10 Cyc. p. 1018. See also 38 Miss. 359.

3. The modern doctrine is that a corporation can do anything without a seal that it can do with a seal. 1 Mor. on Corp. 338; 89 Fed. 447. And a deed without a seal is good in equity. 1 Devlin, Deeds, § 246:

4. Payment of taxes for seven years in succession by any person is not shown. 83 Ark. 520; 75 *Id.* 416, 422.

*Jno. W. Blackwood* and *Geo. Sibly,* in reply.

The deed was not recorded in the county where the land was. Kirby's Digest, § 763. 73 Ark. 416 is not applicable.

BATTLE, J. George Sibly, claiming to be the owner of the northeast quarter of the southeast quarter of section twenty-four in township two north, and in range nine west, brought this suit against Eleanor M. England, in the Lonoke Chancery Court, to quiet title to the same. His complaint was filed, and a warning order was issued on the 24th day of May, 1901.

Plaintiff deraigned title from the Memphis & Little Rock Railroad Company. He alleged that the land was wild and unimproved, and that he paid taxes thereon, under color of title, for seven successive years, not less than three of which were subsequent to the passage of the act entitled "An act for the protection of those who pay taxes on land," approved March 18, 1899, and by that means acquired title to the land, if he was not already the owner; and further alleged in an amendment to his complaint that he paid taxes on the land for 1882 and 1883, and his vendor paid for the years 1883 and 1884, and he for the years 1885, 1888, 1890, 1891, 1892, 1894, 1895, 1896, 1897, 1898, 1899, 1900, 1901, 1902, 1903, 1904; and that defendant and those under whom she claims paid taxes on the land for only two years, 1881 and 1886, and that it does not appear from records who paid for 1887 and 1893.

Sometime in the year 1901 the defendant answered, and at the same time filed a cross-bill. She denied that plaintiff was the owner of the land, and that he paid taxes of seven successive years as he stated. She alleged that she was the owner, and deraigned title, in part, from the Memphis & Little Rock Railroad Company. She dismissed her cross-complaint before the cause was fully heard.

The land once belonged to the Memphis & Little Rock Railroad Company. Plaintiff alleged that it (company) executed a mortgage on all of its lands, including the lands in controversy, on the first day of May, 1860, to secure its bonds; that this mortgage was afterwards foreclosed by decree of a court, and the land in controversy and other property were sold under the decree and purchased by trustees who conveyed to the Memphis & Little Rock Railway Company, from which plaintiff purchased. One of the exhibits in this case shows that the Memphis & Little Rock Railroad Company executed the mortgage referred to on the first day of May, 1860, and reserved in the mortgage "the privilege of selling any of the lands mortgaged and applying the proceeds thereof to the building, completing and equipping its road." But there is no evidence that the land in controversy was sold under a foreclosure of any mortgage. On the contrary, the decree of foreclosure set out in the record in this case directed the sale of the lands mortgaged which had not been sold before the first day of December, 1873, and was then owned by the first mortgagor, the Memphis & Little Rock Railroad Company, and no other of such lands.

A certified copy of the record of the deed executed by the Memphis & Little Rock Railroad Company, on the ninth day of July, 1861, to Elisha E. Dismukes and Silas F. Forsythe, conveying to them the land in controversy, and duly acknowledged and recorded, was filed and used as evidence in this cause.

On final hearing the court dismissed plaintiff's complaint for want of equity.

It is unnecessary to determine whether the defendant had title to the land. It has been repeatedly held by this court that "in suits to quiet title the plaintiff must succeed, if at all, as in actions of ejectment, upon the strength of his own title, and can not rely upon the weakness of his adversary's, and the burden is upon him to show title. *Lawrence* v. *Zimpleman,* 37 Ark. 644, 647; *Kelly* v. *Laconia Levee District,* 74 Ark. 202; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 387; *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338, 346; *Mason* v. *Gates,* 82 Ark. 294, 301; *Little* v. *Williams,* 88 Ark. 37.

The deed of the Memphis & Little Rock Railroad Company to Dismukes and Forsythe was duly acknowledged and filed for

record on the 8th day of November, 1866.  The deed under which plaintiff claims was executed and acknowledged on the 27th day of September, 1888, and filed for record and recorded on the 26th of December, 1894.  If the deed to Dismukes and Forsythe was valid, it is evident that Sibly had no title.

Section 756 of Kirby's Digest provides: "Every deed or instrument of writing conveying or affecting real estate, which shall be acknowledged or proved and certified, as prescribed by this chapter, may, together with the certificate of acknowledgment, proof, or relinquishment of dower, be recorded by the recorder of the county where such land to be conveyed or affected thereby shall be situate, and when so recorded may be read as evidence without further proof of execution."  And in *Apel* v. *Kelsey*, 47 Ark. 413, this court held that a certified copy of a recorded conveyance is admissible in evidence without proof of the execution.

The deed to Dismukes and Forsythe is objected to on the ground that the record does not show that the corporate seal was attached.  The deed closes with these words:

"In testimony whereof the said parties of the first part have caused this deed to be executed by affixing thereto their corporate seal, and the same being signed by the president of said company the day and date first above written.

"Memphis & Little Rock Railroad Company,

"By R. C. Brinkley, President."

The objection to the record of the deed does not affect its validity. The law does not require that the seal be impressed upon the record, and the fact that it does not appear does not affect a certified copy of the record as evidence.

In *Smith* v. *Dall,* 13 Cal. 510, the court said: "The object of registration of a deed is to give notice of the fact that the title to the property has passed from the vendor, and thereby prevent others from dealing with him as the owner.  The conveyance itself is required to be copied into the record in order that parties may determine its sufficiency and the character of the estate conveyed.  To accomplish this end, it is not necessary that the seal should be copied upon the book; it is enough if it appear from the record that the instrument copied is under seal.  This, we think, is sufficiently shown by the record of the conveyance from

Richardson, the deed· purporting to be under seal, and to have been signed, sealed and delivered in the presence of the subscribing witness, who was the notary before whom it was acknowledged."

In *Geary* v. *Kansas City,* 61 Mo. 378, the court held: "The record copy of a deed need not contain a copy of the seal nor any *locus sigilli* or scrawl. A statement in the body of the certificate that the officer who made it affixed his seal of office raises the presumption that such was the fact."

In *Griffin* v. *Sheffield,* 38 Miss. 359, the court held: "The statute of registration does not contemplate the recording of the impression of a public seal; and hence it is no objection to the admission in evidence of a certified copy of a recorded deed that a copy of the impression of the official seal of the officer who took the acknowledgment of the grantor does not apear on it, if it is stated in the body of the certificate of acknowledgment that it was certified to." See also *Jones* v. *Martin,* 16 Cal. 165; *Hedden* v. *Overton,* 4 Bibb, 407; *Sneed* v. *Ward,* 5 Dana, 187; 2 Devlin on Deeds, § 700.

The certified copy of the record of the deed being admissible as evidence, under the statutes of this State, to prove the execution of the deed and that the seal was attached, the presumption arises that the officer who executed the deed was authorized to do so. *Crescent City Wharf & Lighter Company* v. *Simpson,* 77 Cal. 286; *Indianapolis & St. Louis Railroad Company* v. *Morganstern,* 103 Ill. 149; *Morse* v. *Beale,* 68 Iowa 463; *Burrill* v. *Nahant Bank,* 2 Met. (Mass.) 163; 10 Cyclopedia of Law and Procedure, 1018, and cases cited. No evidence removed this presumption.

Plaintiff did not acquire title to the land in controversy by the payment of taxes of seven successive years. Under the statute three of such payments must have been made after the 18th day of March, 1899. This made it necessary for him to have paid the taxes of 1893 in order to acquire the title thereby. For he could not have gone further back than the taxes of 1893 and made three of the payments for the seven successive years after the 18th of March, 1899; and, this suit having been brought on the 24th day of May, 1901, the payments made after that time could not, for the purposes of this suit, be included in the seven

successive years, as the constructive possession created by the payment of taxes was broken by the bringing of the suit before the expiration of seven years from the date of the first payment in that time. *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154, 160. So no taxes for years after 1901 could be included in the payment of the taxes of seven successive years. As he did not pay the taxes of 1893, there was no payment of taxes of seven successive years before the bringing of his suit, according to the requirements of the act of March 18, 1899, and he was not entitled on that account to a decree quieting his title to the land in controversy. The result is, Sibly had not acquired title to the land in controversy at the bringing of this suit.

Decree affirmed.