OAKEY and others *v.* BEND and another.

Where a bill is filed for relief, it must be prosecuted in the name of the real
party in interest.
An agent authorized to sue cannot file a bill in his own name.

*July* 14,    THIS case came up on demurrer interposed by the defen-
1841.    dant, William B. Bend, to the bill of complaint.

*Pleadings.*    The complainants stated that Hindes and Derhams, of Leeds
*Parties.*    in England, drew a bill of exchange, dated the eleventh day
*Principal*    of November, one thousand eight hundred and thirty-nine, for
*and agent.*    one thousand pounds sterling on the defendant William B.
Bend, payable to their own order at four months after date;
and which, on its face, purported to be " accepted at Messrs.
Mastermans & Co., bankers, London.    W. B. Bend, *per pro.*
Louis C. Callet" and which was endorsed in blank by Hindes
and Derhams.    That this bill of exchange was discounted by
the Leeds Banking Company; but not paid at maturity and was
protested; that Hindes and Derhams had since become bank-
rupt or insolvent and had paid a dividend on this bill of three
shillings and four pence in the pound.    That the Leeds Bank-
ing Company was a company carrying on business under an act
of parliament and consisted of numerous stockholders.    That
Thomas Charlesworth, one of its public registered officers, had
sent the bill of exchange to the complainants for collection,
with the power of attorney authorizing the same and whereby
the said complainants had become lawful endorsees and holders.
That the said defendant William B. Bend disavowed the act
of the defendant Callet and denied his liability; but the com-
plainants averred that he had sent the said Callet, several
years ago, to England as his general mercantile agent and, in
the course of such agency, he had made this acceptance.
That he, Callet, was now in New-York and had been called
on to pay the balance due on the bill if its acceptance, in the
name of Bend, was unauthorized, when he said that he acted
under a power of attorney which was in England; that the de-

fendant Bend admitted that he had a copy of the power, but refused to produce it. That Callet denied his liability and refused to pay. Charge that he, Callet, was Bend's general agent and in the habit of making, endorsing, drawing and accepting negociable paper for and in the name of Bend. And the complainants insisted that one of the defendants was liable to them, but they were unable to determine which it was without a discovery. Therefore they prayed discovery and relief.

Demurrer: 1, for want of equity; 2, on the ground of multifariousness; 3, that the complainant had no interest; 4, remedy at law.

Mr. *M. C. Paterson*, for the defendant William B. Bend.

Mr. *Bidwell*, for the complainants.

THE VICE-CHANCELLOR:—If the complainants had brought an action at law in their own names, as endorsees of the bill of exchange, as they might have done, having the legal title through the endorsements on the bill to sue upon it, this court might have sustained a bill of discovery to aid them in prosecuting it, without enquiring into the fact whether the complainants had any interest in the subject matter of the suit or were mere agents for others; courts of law permitting suits to be brought on negociable paper in the name of any person for the real owner, without making that inquiry.

A different rule prevails in a court of chancery, where relief as well as discovery or relief alone is the object of the suit; for, in all such cases, the bill must be filed and prosecuted by and in the name of the real party in interest; *Field* v. *Maghee*, 5 Paige's C. R. 539; *Rogers* v. *The Traders Insurance Company*, 6 Ib. 583; *Sedgwick* v. *Cleaveland*, 7 Ib. 287.

A person, who is a mere agent to sue for and collect money under a power of attorney, cannot be a party to a bill for an account in his own name, nor be joined as a co-complainant with his principal: *The King of Spain* v. *Machado*, 4 Russ. 225, 240, recognized in *Clarkson* v. *Depeyster*, 3 Paige's C. R. 337 as good ground of demurrer. As a general rule, if an agent institutes a suit under an authority from his principal, he

*1841.*

OAKEY
*v.*
BEND.

*Dec. 14.*

must do so in the name of his principal: *Leigh* v. *Thomas*, 2 Ves. 313 ; and see Calvert on Parties, 229, 232, for the authorities on the subject.

In the present case, the bill alleges that the complainants are mere agents for the Bank of Leeds in England, under a power of attorney transmitted to them by one of its officers, duly authorizing the collection of the bill of exchange which the bank discounted and to whom it belongs. This being so, the bill should be filed in the name of the bank, if they have a corporate capacity to sue under the act of parliament mentioned in the bill or if they have it not, then in the names of the individuals composing the bank ; and it is no excuse that the names of all have not been transmitted or furnished to the agents here or that they are very numerous and constantly fluctuating. To avoid the inconvenience of numerous complainants and changes of interest, this court may allow a bill to be exhibited in the names of a few, in behalf of all interested in the bank: Calvert, 40, 41 ; Story's Eq. Pl. 97, 114 to 117.

The objection, therefore, that the bill is in the names of agents, appears to me to be fatal to it.

I am also of opinion, from the best consideration I have been able to give to this case, that if the complainants have a right to sue for and collect the money on the bill of exchange in question in their own names, that they have not made out such a case as entitles them to relief in this court or to a discovery of the facts alleged with a view to relief here. The remedy is at law in an action on the bill of exchange ; and when such an action is brought, a discovery may be had here to aid that suit. According to the facts as now stated, it will be safe to bring the action against the defendant Bend as the principal ; and should it fail, it will then be in time to bring an action against the other defendant, Callet ; and the uncertainty of which party to sue in the first instance seems to me not a sufficient ground for transferring the entire jurisdiction to this court. The plaintiffs must be left to pursue their remedy at law, and to take their chance of success like any other plaintiff.

Demurrer allowed and bill dismissed, with costs.