Indianapolis and St. Louis Railroad Company

*v.*

Daniel Morganstern.

*At Springfield, June Term, 1882.*

Agency—*use of corporate seal—presumption.* Where an appeal bond purporting to have been executed in the name of a railroad company by its general attorney, has the seal of the corporation attached, the presumption will arise that the person using the seal had authority to do so.*

Appeal from the Appellate Court for the Third District.

This is an appeal by the railroad company, the appeal bond being signed, "Indianapolis and St. Louis Railroad Company, by John T. Dye, General Attorney," with the seal of the corporation attached.

---

* Where it is recited in the body of an appeal bond given on appeal by a private corporation, that the company by its corporate name had entered into the obligation, and the bond is signed by the president and secretary of the company, and sealed with its corporate seal, that will be a sufficient execution of the bond in the name of the corporation. *Bills et al.* v. *Stanton*, 69 Ill. 51.

An appeal bond copied into the record, purported to have been executed by the Illinois Central Railroad Company, by an attorney in fact, with a scrawl attached,—it was held, on a motion to dismiss for want of the corporate seal, that the court did not know, judicially, that the company had a seal other than the scrawl such as appeared in the record. *Illinois Central Railroad Co.* v. *Johnson.* 40 Ill. 35.

In copying into the transcript of a record an appeal bond purporting to have been executed by a corporation, the corporate seal, if attached thereto, may be represented by a scrawl; a *fac simile* of the seal or device can not be made in the copy. Ibid.

Where an appeal bond, purporting to have been executed by an attorney in fact, was approved by the court from which the appeal was taken, it will be presumed there was before that court sufficient evidence of the authority of the attorney to execute the bond in behalf of his principal. Ibid.

In *Cromwell* v. *March*, Breese, (Beecher's ed.) 326, a *supersedeas* bond was executed by "Murray McConnel, attorney for the plaintiff." The *supersedeas* was quashed for the reason it did not appear that McConnel was authorized to sign the bond as attorney. But it was held in *Campbell* v. *The State Bank*, 1 Scam. 423, where a *supersedeas* bond purported to have been executed by a person as attorney in fact, in the name of his principal, and the authority of the attorney did not appear, this court would presume that the attorney had authority to execute the bond unless his authority was questioned by affidavit.

Messrs. CRAIG & CRAIG, for the appellee, now move the court to dismiss the appeal on the ground the appellant corporation does not appear to have had its corporate name attached to the appeal bond by any person having authority to sign the same.

SCHOLFIELD, J.:   The bond appears to have been executed under the seal of the corporation.   This raises the presumption that the person using the seal had authority to do so. There is no attempt to impeach the authority, nor is it claimed the seal of the corporation has been improperly used.

*Motion denied.*