# JOLIET ELECTRIC LIGHT AND POWER COMPANY

## v.

# LEWIS E. INGALLS.

*Corporations—Authority of President to Execute Judgment Notes—Confession of Judgment—Motion to Vacate—Practice.*

1.   The president of a corporation is not authorized, simply by virtue of his office, to confess a judgment against the corporation or to execute a warrant of attorney empowering another to do so.

2.   Where a judgment is entered in vacation, evidence necessary to its validity should be filed and preserved in the record. But all that is required to impose upon the clerk the duty to enter up the judgment is, that the papers filed with him make out a *prima facie* case.

3.   Affidavits and exhibits are admissible in support, or in resistance of a motion to vacate and set aside a judgment by confession, as well as upon a motion to open the judgment to admit a defense on the merits.

4.   Upon a writ of error to review the action of the court below, in overruling a motion to vacate and set aside a judgment by confession on certain judgment notes, executed by the president and the plaintiff as secretary of the defendant corporation, it is *held:* That the papers filed with the clerk, made out a sufficient *prima facie* case to authorize the entry of the judgment; that the judgment notes with warrants of attorney, authorizing confessions of judgment, were unauthorized; that the plaintiff had ample notice that the authority given by the board of directors to the president to execute papers in connection with a certain contract and to the secretary to affix the corporate seal thereto, was expressly limited to such papers as were necessary to carry into effect the contract made, including simple promissory notes with mortgage security; that affidavits in support and in resistance of the motion to vacate the judgment were properly admitted by the court below; and that the judgment should be vacated and the plaintiff remitted to his ordinary remedy at law.

[Opinion filed May 27, 1887.]

IN ERROR to the Circuit Court of Will County; the Hon. DORRENCE DIBELL, Judge, presiding.

Messrs. HOUSE, FRY & BABB, for appellant.

Where a judgment is confessed in vacation all evidences necessary to the validity of the judgment must be filed and

preserved in the record. Roundy v. Hunt, 24 Ill. 598; Durham v. Brown, 24 Ill. 93; Martin v. Judd, 60 Ill. 78, 83 ; Tucker v. Gill, 61 Ill. 236; Stein v. Good, 115 Ill. 93; Anderson v. Field, 6 Ill. App. 307, 313.

We claim that a president of a corporation, by virtue of his office simply, has no authority to confess a judgment against it; that to do so, he must have special authority from the board of directors; that in this case that authority should appear of record; that in default of such appearance the judgment is no more binding upon the corporation than it would be if it appeared that a stockholder, or even a third person, had confessed it.

As a matter of law the president of a corporation has no authority, by virtue of his office simply, to execute a judgment note in the name of the corporation. Stokes v. New Jersey Pottery Co., 46 N. J. L. 237 ; Thew v. Porcelain Mfg. Co., 5 Rich. (S. C.) 415 ; McMurray v. St. L. Oil Mfg. Co., 33 Mo. 377.

The only instruments that could be called for under the words " other instruments upon all the plant," are instruments of the same nature or class as those previously specified. Commonwealth v. Dejardin, 126 Mass. 46 ; Reiche v. Smith, 13 Wall. 162; St. Louis v. Laughlin, 49 Mo. 559 ; Brush v. Lemma, 77 Ill. 496; Jacksonville R'y Co. v. Jacksonville, 114 Ill. 562.

The question here is as to the authority of the president to execute a warrant of attorney as one of the papers necessary to complete the contract in question. " As a general rule, well recognized and firmly established, an attorney in fact is held to a strict compliance with the authority conferred." Chase v. Dana, 44 Ill. 262. And the authority of one to confess a judgment is construed with special strictness. Tucker v. Gill, 61 Ill. 236; Frye v. Jones, 78 Ill. 627; Keith v. Kellogg, 97 Ill. 147; Campbell v. Goddard, 117 Ill. 251; Man. & Merch. Bank v. St. John, 5 Hill, 497.

Messrs. GARNSEY & KNOX, for defendant in error.

Under the sixth section of the general corporation act of

the State of Illinois, a corporation can contract a debt, and if it can it has been expressly decided in a case, perhaps the most carefully considered of any in a great many years, that it can give any form of security that the vendor or seller may execute. Curtis v. Leavitt, 15 N. Y. 66; Ward v. Johnson, 95 Ill. 215, 238; Badger v. Batavia Paper Co., 70 Ill. 302; Green's Brice's Ultra Vires, 121.

A warrant of attorney is recognized in this State as common security. Bush v. Hanson, 70 Ill. 480.

Indeed, if the corporation received the consideration, or got the goods, the question as to the power to buy them is immaterial. Bradley v. Ballard, 55 Ill. 413; Hough v. Cook County Land Co., 73 Ill. 23.

A resolution of the board of directors authorizing the president to execute securities is not necessary, he being the proper officer to execute all documents of the corporation. C., B. & Q. R. R. v. Coleman, 18 Ill. 297; Mitchell v. Deeds, 49 Ill. 416, 424; Board of Education v. Greenebaum, 39 Ill. 609, 612; Eureka Co. v. The Bailey Co., 20 Wall. 488.

The act of an agent, without authority, in behalf of a corporation, may be ratified by the corporation, either by making no objection or by positive act. Angell & Ames on Corporations, Sec. 305; Eureka Co. v. The Bailey Co., 20 Wall. 488.

This is a motion to vacate a judgment; it is not to stay execution or to open the judgment so that the parties may be let in to plead, and no merits are shown. We understand the rule in such cases to be, that the case must be tried upon the judgment record itself; if that is good, the motion should be denied by the court to whom application is made, and such action will be affirmed on error.

BAKER, P. J. At a meeting of the board of directors of the Joliet Electric Light and Power Company, plaintiff in error, held on the 11th day of February, 1886, a proposition in writing signed by Lewis E. Ingalls, defendant in error, was submitted to the board. This writing informed the board that he, Ingalls, had bought the plant of the Citizen's Electric

Light Company of Joliet, and would sell the same to the first mentioned corporation for $6,500, of which sum $2,500 was to be payable in sixty days, and $4,000 on or before one year, all bearing eight per cent. interest per annum from date, "and secured by notes and mortgage or other instruments upon all the plant offered above." Thereupon the board adopted a resolution, as follows: "*Resolved*, That said proposition be accepted; that the president of this company execute the necessary papers to complete said contract, and the secretary be authorized to affix the seal of the corporation thereto as secretary."

On the 13th day of February, 1886, two judgment notes were made, payable to the order of plaintiff in error, one for $2,500 due sixty days after date, and the other for $4,000 due on or before one year after date, both bearing eight per cent. interest, both authorizing "any attorney of any court of record to appear at any time after the date and confess judgment," both stating that plaintiff in error, by its board of directors had caused the note to be signed by its president, attested by its secretary and sealed with its corporate seal, and both of them executed in the name of the corporation by the president and attested by the secretary, with the corporate seal attached. Each of said notes was indorsed by plaintiff in error by its president and delivered to defendant in error.

On the 3d day of May, 1886, in vacation, defendant in error filed in the Will Circuit Court his declaration counting upon said two notes, the notes themselves with the warrants of attorney contained therein, an affidavit of defendant in error, and a plea of cognovit. The affidavit, so far as is material, was as follows: "That, at the time said notes and power of attorney included therein were executed by the said defendant, the Joliet Electric Light and Power Company, this affiant was the secretary of the said company, and the said S. S. Badger was the president thereof; that said promissory notes and powers of attorney included therein were, at the dates thereof, respectively, signed and executed by the said defendant, The Joliet Electric Light and Power Company, by its said president, S. S. Badger, and attested by this affiant, its secretary,

and the corporate seal of said defendant attached thereto; that affiant is acquainted with the handwriting and signature of said S. S. Badger, president as aforesaid, and that the signature of said Badger is genuine."

Thereupon the clerk entered a judgment for $6,679.11 and costs, the sum mentioned including attorney fees as provided in said notes.

At the May term, 1886, of the Will Circuit Court, the plaintiff in error entered its motion to vacate the judgment. Upon the hearing of the motion, two affidavits, in addition to that heretofore mentioned, were submitted. The affidavit of Badger, president of the corporation, stated, among other things, that all the power and authority he had for the execution of the warrants of attorney, was the agency vested in him by virtue of his office as president of the corporation; that no authority was conferred upon him to execute a warrant of attorney to confess a judgment, and that said action on his part is not now, and has not been, by action of the board of directors, ratified. The second affidavit of defendant in error stated, among other things, that "said notes, together with a trust deed in the nature of a chattel mortgage, were made, and said securities executed, in accordance with a proposition to said board of directors made by affiant and accepted by said board on the 11th day of February, 1886, and authority given to the president to execute the same on the said 11th day of February, 1886, and affiant attaches hereto a copy of said proposition and its acceptance and authority and directions to said president to execute said securities, copied from the record books of said corporation, and makes it a part of this affidavit." Exhibit "A" to this affidavit is a copy from the record books of the company showing the proceedings of the meeting of the board of directors held February 11, 1886, containing the proposition made by defendant in error to the board to sell to them the plant of the Citizen's Electric Light Company, and the resolution of acceptance adopted by the board, but as both the proposition and the resolution are substantially set forth in the first part of this opinion, it is unnecessary to here repeat them.

The motion of plaintiff in error to vacate and set aside the judgment by confession entered in vacation, was overruled by the Circuit Court, and the record is brought to this court on writ of error.

We think it plain, both upon principle and from the authorities, that the president of a corporation has not, as a matter of law and simply by virtue of his office as president, authority to either confess a judgment against such corporation or execute a warrant of attorney empowering another so to do. Such matters form no part of the ordinary business of the company which the president, as its executive officer, is authorized to transact *virtute officii.*

The power in question is not inherent in or incident to the office from either usage or necessity. Stokes v. New Jersey Pottery Co., 46 N. J. L. 237; Thew v. Porcelain Mfg. Co., 5 South Car. (N. S.) 415; Freeman v. Plaindealer Co., 9 Luz. Leg. Reg. 37; McMurray v. Oil Co., 33 Mo. 377.

There are two principal grounds relied upon by plaintiff in error for the reversal of the judgment below. In the first place it is urged that as the judgment was confessed in vacation the rule requires that all evidences necessary to the validity of the judgment should be filed and preserved in the record, and that in this case there should have been filed and preserved in the record, as it was made in vacation at the rendition of the judgment, some evidence of the authority of the president to execute the warrants of attorney to confess judgment against the corporation.

As matter of law, this doctrine must be admitted. In the late case of Stein v. Good, 115 Ill. 93, the Supreme Court said: " In this class of cases, where the whole proceeding is strictly *ex parte* and the papers filed constitute a part of the record without any bill of exceptions making them so, public interests would seem to demand that some evidence should appear in the record showing, unequivocally, that the judgment was confessed by authority of the defendant in the judgment; or, in other words, showing that the power of attorney on file was actually executed by him."

All that is required, however, in order to impose upon the

Joliet Electric Light and Power Co. v. Ingalls.

clerk the duty to enter up the judgment by confession in vacation, is that the papers filed with him make out a *prima facie* case; and such judgment will be presumed to be regular unless shown not to be so by the files in the case or otherwise. Hall v. Jones, 32 Ill. 38, 44; Ball v. Miller, 38 Ill. 110; Thomas v. Mueller, 106 Ill. 36. The notes and warrants of attorney purport upon their faces to be the notes and warrants of attorney of the Joliet Electric Light and Power Company, and to have been signed by its president and attested by its secretary and sealed with its corporate seal by the order and direction of its board of directors. And the affidavit filed with the declaration shows that said notes and powers of attorney included therein were signed and executed by the president of the company and attested by its secretary and the corporate seal of the company attached thereto, and that the signatures thereto are genuine. This, we hold, was sufficient *prima facie*, to authorize the entry of the judgment, as it is the well established doctrine in this State that the seal of the corporation is *prima facie* evidence of the assent of the corporation, when the signatures of the president and the custodian of the common seal of the corporation, attached to the instrument, are shown to be genuine. Reed v. Bradley, 17 Ill. 321; Phillips v. Coffee, 17 Ill. 154; Smith v. Smith, 62 Ill. 493, 497; Sawyer v. Cox, 63 Ill. 130; Bills v. Stanton, 69 Ill. 51; Ind. R. R. Co. v. Morganstern, 103 Ill. 149; Wood v. Whelen, 93 Ill. 153; Millard v. St. Francis Academy, 8 Ill. App. 341, 348; Angell and Ames on Corporations (10th Ed.) Sec. 224; Field on Corporations, Sec. 292; Boone on Corporations, Sec. 50.

The other principal ground taken in the Circuit Court for setting aside and vacating the judgment by confession was that the president of the corporation was not authorized and empowered to execute the notes with the warrants of attorney to confess judgment as in each of said notes and warrants of attorney provided, and that the secretary was not authorized to seal the same with the corporate seal. It is one of the elements of a *prima facie* case, that it is subject to be rebutted and destroyed by evidence to the contrary. The case of the

defendant in error is not that of a stranger to the corporation dealing with the agents of the corporation, and without actual notice of the power and authority given to such agents by the corporation or its directors.

It would in many instances be difficult and even impossible for such stranger to ascertain with certainty and precision what the proceedings of the corporate board were. As between such third party and the corporation, the rule sometimes applies that where one of two innocent parties must suffer from the unauthorized act of an agent, the loss should follow him who selected the agent. Taylor on Private Corporations, Sec. 203. Here defendant in error was himself a member of the board of directors of the Electric Light and Power Company and present at and participating in its meeting of February 11, 1886; and moreover was secretary of the company and kept and had the custody of the record of the proceedings of such meeting. He had actual and full notice that all that the board of directors did on that occasion was to accept without qualification the written offer that he himself had made for the sale of the plant of the Citizen's Electric Light Company, and on the very terms proposed by himself, and also that the only papers the board authorized the president to execute and himself as secretary to affix the seal of the corporation to, were "the necessary papers to complete said contract." What contract? Evidently the contract shown by the written proposition of defendant in error to sell the plant for $6,500, payable as stated therein, "and secured by notes and mortgage or other instruments upon all the plant offered" for sale, and by the resolution of the board accepting said proposition. It would seem the reasonable construction of the transaction must necessarily be, as shown by the offer and the simple acceptance thereof without qualification or counter offer, that the completed contract between the parties was, that in respect to security for the purchase money the special terms proposed, *i. e.,* "notes and mortgage upon all the plant," constituted the contract, and that under the agreement defendant in error could have demanded nothing more or other than notes and mortgage on

Joliet Electric Light and Power Co. v. Ingalls.

the plant, and that a tender by plaintiff in error of such notes and mortgage would have been in full performance of the contract made.

Even if instruments other than " notes and mortgage " could rightly have been asked for under the contract, yet it is plain they must necessarily have been instruments which, when given, extended to and covered the plant of the Citizens' Electric Light Company and no more, the words " upon all the plant offered," being words of limitation. It can hardly be successfully contended that under an executory agreement to give "notes and mortgage," judgment notes, or notes with warrants of attorney attached or incorporated, authorizing confessions of judgment, can be demanded.

The expression " notes and mortgage " must be presumed to have been understood by the contracting parties in their usual, ordinary and natural sense, and as indicating only simple promissory notes secured by a mortgage upon property. Our conclusion, then, is, that warrants of attorney were not called for or included in either of the expressions used in the proposition submitted to the board of directors and accepted by them; that defendant in error had ample notice that the authority given by the board of directors to the president of the corporation to execute papers, and to the secretary to affix the corporate seal thereto, was by the order of said board expressly limited to such papers as were necessary in order to carry into effect the contract made; and further, as has been already stated, that there was no inherent power vested in the president, *virtute officii*, to give a judgment note that would bind the company. In the case of Hoyt v. Thompson, 5 N. Y. 320, it was held that a deed formally executed under the corporate seal, and bearing upon its face the presumption that it was executed by the competent authority from the corporation, was void, and not the deed of the corporation, because it was actually executed by the executive officers without authority and known by the grantee to have been so executed. The same rule has application to the matter now in hand.

Counsel, however, insist that the judgment must stand or fall upon the record that was made in vacation, and that it was

not proper for the court below and is not proper for this court to consider the affidavits and exhibits filed in support, or in resistance of the motion to vacate the judgment, and contend that the rule admitting affidavits applies only where the motion is to open the judgment, and let the party in to make a defense on the merits and not where the motion is to set aside and vacate the judgment.

There is no sufficient ground either upon principle or from authority for making the distinction contended for; and the cases cited in the briefs show that the courts of other States have frequently vacated judgments upon motions based upon affidavits. In the early case of Lake v. Cook, 15 Ill. 353, the doctrine was held, that where it clearly appears that a plaintiff was not entitled to judgment, it should be vacated, and the plaintiff left to pursue the ordinary remedy by action; but that if the case is involved in doubt or the testimony is so contradictory that the truth can not be ascertained with reasonable certainty, an issue should be directed to try the question. In other words, the defendant should be let into a defense on the merits, the judgment being permitted to stand as a security. The case mentioned has been followed by others announcing the same practice. See Condon v. Besse, 86 Ill. 159.

In the litigation at bar the material and essential facts are undisputed, and the truth is not involved in doubt, and there is no occasion or room for forming an issue to be tried by a jury. Defendant in error has himself produced the proceedings of the board of directors of the corporation, the proposition he made to the board, and the action of the board thereon, and has shown that he was conversant with and a party to such action—and these things indicate clearly and with certainty that the president had no power to execute the warrants of attorney, and he himself, as secretary, no power to attest them with the seal of the corporation; that the confessions of judgment were without authority from plaintiff in error, and that he, the defendant in error, was not and is not entitled to the judgment by confession. It is apparent that defendant in error should be remitted to his ordinary action

at law, and to the enforcement of his mortgage upon the plant of the Citizens' Electric Light Company.

In our opinion, the action of the Circuit Court upon the motion to set aside the judgment was erroneous. The judgment of that court is reversed and the cause remanded.

*Reversed and remanded.*