SAMUEL S. CHISHOLM

v.

ALEXANDER J. McDONALD ET AL.

*Negotiable Instruments—Notes of Corporation—Confession of Judgment —Warrant of Attorney—Parties—Costs.*

1. A corporation note properly executed and attested by the corporation seal, there being as much parol testimony in favor of as against it, is *prima facie* valid.

2. A warrant of attorney for the entry of judgment at any time after date, authorizes such entry at any time within the discretion of the payee.

3. Where a judgment note is indorsed to a third person merely that judgment may be entered in his name, he has no standing in a court of equity to obtain any affirmative relief based on such judgment.

Chisholm v. McDonald.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. JESSE COX, for appellant.

Where a power of attorney to confess judgment on a note authorizes the confession of judgment at any time after the date of the note, a judgment confessed before the maturity of the note is valid.    Sherman v. Baddely, 11 Ill. 622;  Adam v. Arnold, 86 Ill. 185 ;  Towle v. Gonter, 5 Ill. App. 409.

The execution of a warrant of attorney is sufficient and binding upon a corporation if executed in the name of the corporation by its president.    Millard v. St. Francis Xavier Female Academy, 8 Ill. App. 341;  North-Western Distilling Co. v. Brandt, 69 Ill. 658 ;  Reed v. Bradley, 17 Ill. 321, 325.

In the North-Western Distilling Co. v. Brandt, 69 Ill. 658, it was held that the execution of a lease or sealed instrument by the president of a private corporation for the company will be a good execution of the instrument by the company.

In Reed v. Bradley, 17 Ill. 325, it was held that the execution of a mortgage under the signature of the president and the seal of the corporation was a sufficient execution and made the mortgage binding on the corporation.

The fact that the corporate seal of a corporation is attached to an instrument, is *prima facie* evidence that such instrument received the assent of the company.    Reed v. Bradley, 17 Ill. 325;  Angell and Ames on Corp. (6th Ed.) Sec. 224.

But whatever may be thought of the defenses made on behalf of the Circulating Boiler Company, there is certainly no reason why this judgment is not perfectly valid against the appellee, McDonald, who has not made out the shadow of a defense to it.    It was entirely within the power of the court to enjoin the collection of this judgment as against the Circulating Boiler Company, and dissolve the injunction as to McDonald.    This would have enabled Chisholm to have held the surety on the injunction bond.

The statute of Illinois enables the court to enjoin so much of the judgment as may be valid, and release the rest from the injunction. R. S. 1874, Chap. 69, Sec. 7; Duncan v. Morrison, Breese, 113.

Messrs. MILLARD & SMITH, for appellee.

The seal of a corporation has no particular virtue. If it is used by an agent or officer without authority, the sealing will not bind the corporation. Morawetz on Corp., 168; Koehler v. Black River, etc., Co., 2 Black. 716; Damon v. Granby, 2 Pick. 353; Jackson v. Campbell, 5 Wend. 572; Angell & Ames on Corp., p. 223.

The general officers of a corporation have no implied power to confess a judgment against the corporation. They can not lawfully exercise such a power unless it has been given to them in express terms by the board of directors. Adams et al. v. The Cross Wood Printing Co., 21 Chicago Legal News, Vol. 33; Hoyt v. Thompson, 5 N. Y. 321; The Joliet Electric Light Co. v. Ingalls, 23 Ill. App. 45; Stokes v. New Jersey Pottery Co., 46 N. J. L. 237; Thew v. Porcelain Mfg. Co., 5 S. C. N. S. 415; Freeman v. Plaindea'er Co., 9 Leg. Reg. 37; Bouton v. McDonough Co., 84 Ill. 392.

The judgment entered in favor of Chisholm, appellant, was valid as against the Circulating Boiler Company, and can be attacked by the boiler company or by its creditors, directly or collaterally, the boiler company being insolvent. Adams et al. v. The Cross Wood Printing Co., *supra;* Hoyt v. Thompson, *supra;* Stokes v. New Jersey Pottery Co., *supra;* Taylor on Corp., 202, 236–244; Angell & Ames on Corp., 299–302; Boone on Corp., 144; Morawetz on Corp., 251; Titus v. Cairo & Fulton R. R. Co., 8 Vroom, 98; Martin v. Judd, 60 Ill. 78.

Appellant, Chisholm, is estopped in equity from asserting any prior lien to, or taking any advantage of, appellee, Bell. Flower v. Elwood, 66 Ill. 447; People v. Brown, 67 Ill. 437; Noble v. Christian, 88 Ill. 186; Ball v. Hooten, 85 Ill. 159; Longfellow v. Moore, 102 Ill. 290; Willard's Eq. Jur., 147.

The cross-bill of appellee, Bell, is germane to the matters contained in the original bill, and was properly filed. Pattison

v. Hull, 9 Cow. 747; Jones v. Smith, 14 Ill. 229; Quick v. Lemon, 105 Ill. 578; Daniell's Chancery Pl. & Pr., Vol. 2, 1647; Miller v. Davidson, 3 Gilm. 518; Wightman v. Hatch, 17 Ill. 286; Hutchinson v. Crane, 100 Ill. 269; Wightman v. Hart, 37 Ill. 123; Laflin v. Sherman, 28 Ill. 391.

GARY, J.   This case is so largely made up of parol and contradictory evidence, the recital of which would be of no benefit, unless to satisfy the parties that the court knew what it was about, that only results and not the processes by which they are reached will be stated in this opinion.

There are decrees in favor of A. H. Holden and Caroline Green, intervening petitioners, of which nobody complains, and they are affirmed; also that portion of the decree dissolving the injunction against Melville E. Dayton, and directing him what to do with the patent and application for patent assigned to him, is affirmed.

From the record it appears that appellee, McDonald, was the president of and probably the whole corporation called the Circulating Boiler Company.   The company had a contract to furnish a boiler for the price of $1,000, but had no money.   December 16, 1886, appellant entered into arrangements with the company and McDonald to advance $1,200, or so much thereof as might be necessary to put in the boiler, and at the same time there was a further agreement between appellant and McDonald separately, for further business arrangements if the boiler proved a success.   Patents were assigned to Dayton as security for appellant's advances, and by the formal agreement between the appellant of the first part, and the company and McDonald of the second part, appellant was to have the promissory judgment note, joint and several, of the company and McDonald for $1,200 to secure his advance.   The note was made with a warrant of attorney on the same paper to confess judgment at any time after the date of the note, but the note itself was payable ninety days after date, January 11, 1887, as the note says, though the date of the transaction in fact is in dispute; another note was given by the company and McDonald to

appellant for $600 on sixty days time, with a warrant of attorney on the same paper to confess judgment at any time after date. There is dispute as to the regularity of both of these notes with the warrants, but both of them have the corporate seal, and there is as much parol evidence in their favor as against them, so that *prima facie* they are valid. Joliet Electric Light Co. v. Ingalls, 23 Ill. App. 45, per Baker, P. J., and cases there cited.

January 13, 1887, appellant entered judgment upon his notes, which judgment still stands; no effort has been made to set it aside. Upon this state of facts, upon the bill filed by the company and McDonald, they are entitled only to such relief, if any, as equity and good conscience require. They had no right to require that the proceeds of the property levied upon should be diverted from paying appellant's execution, to the extent of all the money he had advanced. The warrants of attorney attached to the notes left to his discretion the time at which judgment should be entered, though the note had not matured. Adam v. Arnold, 86 Ill. 185. And it is very probable that his only prospect of securing anything laid in entering judgment when he did.

On the whole record it is clear that the appellee Bell has no beneficial interest in the judgment entered in his name. It belongs to the Park National Bank, as the note did, before it was indorsed to him, merely that judgment might be entered in his name. Bell has, therefore, no standing as complainant in a court of equity, and no title to any affirmative relief based upon the judgment in his name. Oakey v. Bend, 3 Edw. Ch. 482; Field v. Maghee, 5 Paige, 539; Sedgwick v. Cleveland, 7 Paige, 287.

It is true that in Hutchinson v. Crane, 100 Ill. 269, the Supreme Court declined to reverse where there appeared to be a misjoinder of a party without interest, but that is not authority that he alone could have sued. But even if he had such interest, the evidence as to any agreement by appellant with the bank, by which his rights are postponed to those claimed by Bell, it is too loose, vague and unsatisfactory to have any such effect.

As, upon the showing made, the rights which appellant had acquired by the levy of his execution ought not to have been disturbed, none of the expenses of this litigation should be charged upon him. The decree of the Superior Court as to the disposition of all the money derived from the property levied upon under the execution of the appellant must be reversed and the cause remanded to the Superior Court, with directions to ascertain the amount that the appellant has paid, either before he entered judgment, or since, upon his then liabilities for the company, and apply the money last referred to, to the reimbursement of the appellant for such payments, and to dismiss the bills, original and amended, of McDonald and the company, and the cross-bill of Bell, and tax all the cost of the receivership against Bell and the residue of the costs against McDonald and the company. If, after paying appellant the costs taxed against McDonald and the company, there shall be any money left of this fund, it belongs and should be paid to the company.

