## Eli Oppenheimer & Co. et al. v. H. Giershofer & Co. et al.

1. JUDGMENTS—*By Confession—Proof of Execution of the Power.*— Proof of the execution of a power of attorney by the certificate of a notary public, who certifies that the person executing the power, who is personally known to him to be the same person whose name is signed to the power of attorney, appeared before him and acknowledged the

Oppenheimer & Co. v. Giershofer & Co.

execution thereof as his free and voluntary act, is not sufficient upon which to enter a judgment by confession. It has no probative force or effect, to establish the fact that the maker executed the power.

2. NOTARY PUBLIC—*Power to Take Acknowledgments.*—The authority given a notary public to take acknowledgments and certify thereto, relates wholly to real estate and is conferred by Sec. 20, Ch. 30, R. S.

3. JUDGMENTS IN VACATION—*Proof of the Execution of the Power.*—Without proof of the execution of the power of attorney attached to a judgment note, the clerk of the court acquires no jurisdiction of the person of the debtor, and the judgment entered upon it is void.

4. JUDGMENTS—*Entered Without Jurisdiction--Collateral Attack.*—A creditor of a debtor against whom the clerk of a court of record entered a judgment without acquiring jurisdiction by proper proof of the execution of the power is not restricted to the remedy by motion to vacate such judgment, but may, in a collateral proceeding, contest its validity.

5. CONFESSION OF JUDGMENT—*Before the Clerk by the Debtor in Prison.*—Under Sec. 65 of the Practice Act, any person, for a debt *bona fide* due, may, either in term time or in vacation, confess judgment by himself in person or by attorney duly authorized.

**Memorandum.**—Proceedings to distribute the proceeds of execution sales. Appeal from the Circuit Court of Massac County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June June 23, 1894.

## STATEMENT OF THE CASE.

The sheriff of Massac county levied upon and sold a stock of goods as the property of Jack Ringold, for the sum of $3,375, under and by virtue of certain execution and attachment writs, issued in favor of creditors of Ringold, who had obtained judgments against him aggregating over $5,000. Two of these judgments were entered in vacation, by confession, by the circuit clerk of Massac county; one in favor of Henry Giershofer & Co., for $1,196.75, and the other in favor of H. Ringold for $1,061.36 and $50 attorney fee.

The validity of each of these two judgments was denied by the other judgment creditors, and the sheriff, following the suggestion of the Supreme Court in Chittenden v. Rogers, 42 Ill. 96, brought the money derived from said sale into the court below, together with his petition asking for an order of distribution. Thereupon all the creditors entered

their appearance and agreed to submit to the court for its decision, the question whether or not the two judgments by confession were valid. These judgments if valid are prior to any of the other judgments, and the court below found them to be valid and ordered distribution of the funds brought into court by the sheriff, to be made accordingly.

APPELLANTS' BRIEF, COURTNEY & HELM, ATTORNEYS.

The clerk of a court of record entering up a confession of judgment in vacation, acts in a ministerial capacity only, and no presumptions whatever are made in favor of the judgment. Tucker v. Gill, 61 Ill. 241; Iglehart v. Insurance Co., 35 Ill. 516; Martin v. Judd, 60 Ill. 83; Campbell v. Goddard, 117 Ill. 252.

A judgment entered in vacation, where no affidavit is filed proving execution of warrant of attorney, is void. Gardiner v. Bunn, 132 Ill. 403; Bunn v. Gardiner, 18 Brad. 94; Anderson v. Field, 6 Brad. 308; Joliet Light Co. v. Ingalls, 23 Ill. App. 45.

An affidavit proving the execution of the power of attorney was essential at common law. Petersdorff's Abridgment, Vol. 15, 274; Sellon's Practice, Vol. 1, 381, 2 B. & C., 555, 2 B. & P., 85.

A certificate of a notary public is not evidence of any fact unless made so by statute. Wharton on Evidence, Vol. 1, Sec. 120; Kyle v. Town of Logan, 87 Ill. 64; Philips v. Webster, 85 Ill. 146.

APPELLEES' BRIEF, J. F. MCCARTNEY AND L. P. OAKES, ATTORNEYS.

The court acquired jurisdiction of Jacob Ringold by the filing of a warrant of attorney duly executed by him.

It has been repeatedly held that in such cases four things are required: a declaration, warrant of attorney, proof of its execution and plea of confession. Gardiner v. Bunn, 132 Ill. 407; Roundy v. Hunt, 24 Ill. 598; Tucker v. Gill, 61 Ill. 241.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The judgment by confession in favor of Henry Giershofer & Co., for $1,196.75, was entered without other proof of the execution of the power of attorney than the certificate of J. F. McCartney, notary public, that Jacob Ringold, personally known to him to be the same person whose name is signed to the power of attorney, appeared before him and acknowledged the execution thereof as his free and voluntary act. The authority given a notary public to take acknowledgments and certify thereto, relates wholly to real estate and is conferred by Sec. 20, page 580, Starr & Curtis' Rev. Stat. This section provides that deeds, mortgages, conveyances, releases, powers of attorney, or other writings of, or relating to the sale, conveyance or other disposition of real estate, or any interest therein, whereby the rights of any person may be affected in law or equity, may be acknowledged or proved before a notary public. It is manifest, therefore, that the certificate of the notary public attached to the power of attorney presented to the clerk and not relating to the sale, conveyance or disposition of real estate has no probative force or effect to establish the fact that Ringold executed said power. The certificate of any private individual might just as fairly be held to be competent evidence proving such fact. Kyle v. Town of Logan, 87 Ill. 64. Certificates of this character, even if false, would subject the notary public who executed and attested the same to no penalty, either under Sec. 208 or Sec. 123, Chap. 38, Starr & Curtis' Rev. Stat.—the only sections of our criminal code providing for the punishment of such officers for malfeasance, which of itself would be a sufficient reason why such officers should not be permitted to execute and attest a certificate not authorized by law, and which if admitted as competent evidence, might injuriously affect the rights of litigants.

Without proof of the execution of the power of attorney, the clerk acquired no jurisdiction of the person of the debtor and said judgment entered in favor of Henry Giershofer & Co. was invalid. Bunn v. Gardiner, 18 Brad. 94;

Gardiner v. Bunn, 132 Ill. 403.   And we understand the ruling in the latter case to be that creditors of a debtor against whom the clerk entered a judgment without acquiring such jurisdiction, are not restricted to the remedy by motion to vacate such judgment, but may appear in a proceeding like this and contest its validity. The Circuit Court erred in finding said judgment to be valid, and having priority over the judgments of appellants, and in ordering it should be first paid, out of the moneys brought into court by the sheriff.

The judgment in favor of H. Ringold is for $1,061.35 damages and $50 attorney fee.   It was confessed by Jacob Ringold in person, before the clerk in vacation, upon a promissory note.   The validity of this judgment is denied upon the ground there is no evidence by affidavit or otherwise, that the note was executed by said Jacob Ringold, or that it was *bona fide* due; no evidence of the execution of the cognovit and " no evidence that the person is the same he represents himself to be."   Section 65 of the Practice Act provides that any person for a debt *bona fide* due, may confess judgment by himself or attorney, duly authorized, either in term time or vacation.   The record, introduced in evidence, shows a declaration in assumpsit, filed by the clerk October 8, 1890—H. Ringold, plaintiff, against Jacob Ringold, defendant—counting on a promissory note executed by the latter for $1,000, dated January 24, 1891, payable twelve months after date to the order of H. Ringold, for value received, and if not paid at maturity, eight per cent interest to be paid thereafter, and a reasonable attorney's fee for the collection of the note by suit or otherwise, which shall be deemed due and payable on default in payment of the principal when due, and may be entered up as a part of any judgment entered on the note.   This note was filed by the clerk on the same date as the declaration.

The power of attorney to confess judgment on this note was given.   The pleas of confession and certificate of clerk as shown by said record were also filed by the clerk on the same date as the note and declaration.   By the plea it is

averred Jacob Ringold, as defendant, in proper person, appears, waives service of process, and confesses judgment for $1,061.35 damages and $50 as reasonable attorney's fee, and consents the same may be now entered in vacation in said Circuit Court, and consents to immediate execution being issued.

The certificate of the clerk sets out that Elijah P. Curtis, clerk of the Circuit Court in Massac County, Illinois, doth certify that Jacob Ringold, personally known to him to be the same person whose name is signed to the plea, appeared before him on that day in person and acknowledged the execution and delivery thereof, whereby he confessed judgment in vacation. as his free and voluntary act, and thereby confesses judgment in favor of plaintiff, H. Ringold, for the full amount of the sum named in the cognovit and all costs. This certificate was signed and sealed by said clerk. In connection with the above the following judgment was shown by said record: "And judgment is hereby entered and recorded in favor of H. Ringold and against Jacob Ringold, for the aforesaid sum of one thousand and sixty-one dollars and thirty-five cents ($1,061.35) as his damages, and also for the sum of fifty dollars ($50) as attorney's fees, and all costs of this proceeding and judgment is entered in accordance with the statute as made and provided, and execution to be issued as provided by law. This 8th October, A. D. 1892, Elijah P. Curtis, clerk of the Circuit Court of Massac County, Illinois."

Sec. 3, Chap. 98, Rev. Stat., provides, that all promissory notes made by any person, whereby such person promises to pay any sum of money, shall be taken to be due and payable, and the sum of money therein mentioned shall by virtue thereof be due and payable as therein expressed. Sec. 34, Practice Act, provides that no person shall be permitted to deny on trial the execution of any instrument in writing, upon which action may have been brought, unless the person so denying the same shall, if defendant, verify his plea by affidavit. See also Joliet Elec. Light Co. v. Ingalls, 23 Ill. App. 45, where it is held that a promissory note evi-

dences indebtedness of maker to payee. The note sued on was filed with the clerk; it purported to have been given by Jacob Ringold for value. By its terms it had become due before said judgment was entered, and the plea of confession also filed with the clerk purported to be the plea of Jacob Ringold, the defendant, who appeared in person and delivered the same to be filed. But one person was named as defendant in said declaration, and he was designated therein by that name, as the maker of said note.

These facts appear in the record and furnished *prima facie* evidence to the clerk that the note sued on was executed by said Jacob Ringold; that it was for a debt *bona fide* due plaintiff; that he was the person who signed and delivered the cognovit, and was the real defendant named in the declaration. No affidavit was required to further establish these facts or to give the clerk jurisdiction to enter the judgment. If, as suggested by counsel for appellants, the note was a fraud, given without consideration, and the judgment therefore invalid, nothing prevented the introduction of evidence in the court below to prove such was the real fact, and thereby rebut the *prima facie* case made by the record.

We have not adverted to the allowance of attorney's fee, as no point is made as to that. Nor have we discussed the question of verifying a power of attorney by affidavit so far as this H. Ringold judgment is concerned; it was confessed in person by the debtor.

For the error assigned judgment is reversed and cause demanded.