57   123
62   585
160s  433

57   123
68   445

## Whiting G. Press, Trustee, v. Geo. Woodley, Smith & Leverenz Union Foundry Works, Alexander F. Gibson, Surviving Partner, etc., and Lockwood & Strickland.

1. Practice on Error and Appeal—*What Errors Can Be Relied Upon.*—An appellant can rely only upon such errors as affect himself; not those that affect only other persons.

2. Parties in Equity—*Naked Trustees.*—A naked trustee, without any actual beneficial interest, has no standing in a court of equity and no title to any affirmative belief.

3. Mechanic's Lien—*Suit to Enforce—Nature of.*—A suit to enforce a mechanic's lien is governed by chancery rules.

**Memorandum.**—Proceedings to enforce a mechanic's lien. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

JOHN W. SMITH, attorney for appellant; E. M. ASHCRAFT, of counsel.

APPELLEES' BRIEF, SMITH, HELMER & MOULTON, ATTORNEYS.

In equity, all suits must be in the name of the party really interested, and where the name of an agent or trustee is used, the *cestui que trust* must be made complainant with him. Nicholls v. Williams, 22 N. J. Eq. 64; Mallen v. Mallen, 2 Johns. Ch. 238; Douglas v. Horsfall, 2 Sim. & Stu. 184; Bailey v. Inglee, 2 Paige 278; Peck v. Mallams, 10 N. Y. 547; Chisholm v. McDonald, 30 Ill. App. 180.

A party having no interest in the result of the litigation can not prosecute an appeal and urge an error which is personal to another. Hessing v. Attorney-General, 104 Ill. 292; Hendrickson v. Van Winkle, 21 Ill. 274; Horner v. Zimmerman, 45 Ill. 14; Chicago v. Cameron, 120 Ill. 447.

Upon an appeal by one of several defendants, the court will not consider a ruling as to the interests of other defendants, as a party can not assign for error that which does not prejudice his rights. Greenman v. Harvey, 53 Ill. 386; Robinson v. Brown, 83 Ill. 279; Willemin v. Dunn, 93 Ill. 511; Grand Tower M. M. & T. Co. v. Cady, 96 Ill. 430; Ransom v. Henderson, 114 Ill. 528.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the 10th day of July, 1894, the Circuit Court in a certain cause on the chancery docket, which was commenced by Woodley to enforce a mechanic's lien, and to which a Mrs. Cobb was principal defendant, made a decree in which among many others is a finding as follows:

"And the court further finds that the notes secured by the trust deed from the defendant, Imogene L. Hanchett Cobb, to the defendant, Whiting G. Press, trustee, dated March 14, 1892, and recorded in the recorder's office of Cook

county, as document No. 1,627,190, on the 14th day of March, A. D. 1892, in book 3735 of records, on page 132, are held and owned by the defendants, the Lemont State Bank and the Calumet State Bank, and that there is due to the defendants, the Lamont State Bank and the Calumet State Bank, from the defendant, Imogene L. Hanchett Cobb, upon the notes and trust deeds sued upon and set forth in the answer of Whiting G. Press herein, and by them adopted as and for their own answer, the sum of $16,578.55, for which amount the said defendant banks are entitled to a lien upon the said premises." The decree directs that Mrs. Cobb pay to those banks the sum so found due to them, and with great detail to follow directions as to priorities among the parties to whom relief is given out of the proceeds of the property, if sold as the decree provides if she does not pay.

From that decree Press has appealed.

Those banks are not parties here, neither appellants nor appellees. It is true that the record shows that Press prayed the appeal at the time the decree was entered, and that the appeal bond, both in the obligatory part and in the condition, describes him as trustee for the banks; yet, while our confidence in the counsel who appear for him here forbids the supposition, it is consistent with the record that those banks are content, have no notice of this appeal, and are quite averse to that decree being disturbed.

It is familiar law that an appellant can rely only on such errors as affect himself; not those that affect only other persons. Lagger v. Mutual Un. L. & B. Ass'n, 146 Ill. 283.

A naked trustee, without any actual beneficial interest, has no standing as complainant in a court of equity, and no title to any affirmative relief. Chisholm v. McDonald, 30 Ill. App. 176.

This suit is governed by chancery rules, and the appellant here occupies a position similar to that of a complainant in an original suit; he can ask only for such relief as he is equitably entitled to. There is no decree for or against him below, not even as to costs.

We can, therefore, only affirm the decree, which is accordingly done. Should the banks ever come here it will be time enough to inquire whether they have any cause to complain. Affirmed.