Culver v. Cougle.

## Morton Culver v. Irvin B. Cougle et al.

62 583<br>
165s 417

1. APPEALS—*By One Party, Status of Others.*—Where an appeal is prayed for and allowed to one party only, no one excepting, such party can be considered as having perfected such appeal.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

MORTON CULVER, attorney for appellant.

PARTRIDGE & PARTRIDGE, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a decree of sale entered upon a bill brought by appellees for the foreclosure of a certain trust deed by way of mortgage made by Nelson Culver.

Numerous persons, including the said Nelson Culver, and Morton Culver, and Morton Culver, trustee, were made parties defendant.

The only allegation of interest in the mortgaged premises by Morton Culver, personally or as trustee, which the bill made, was the general one that he had or claims to have some interest in the premises, the exact nature of which was unknown to complainants, but which it was averred were subject to the rights of complainants.

So far as shown by the answers of any of the defendants, including the answers of Morton Culver, personally and as trustee, the only interest that Morton Culver, either as trustee, or otherwise, had or claimed in the premises, was as the trustee named in two certain trust deeds to him made subsequent to the trust deed sought to be foreclosed for the purpose of securing certain promissory notes held by other parties.

The decree finds that the said trust deed to Morton Culver is a lien upon a part of the premises, but that such lien is subordinate to the lien of complainants, and finds who are the owners of the notes thereby secured, all of whom were made parties defendant and answered, but the decree in no manner gives any relief against him, personally or otherwise, not even as to costs.

Omitting consideration of the motion of appellees to dismiss the appeal, but considering the whole record in connection with the last supplemental record filed here on January 30, 1895, as being a proper subject for consideration (but as to which we express no opinion), and as showing the

truth with reference to who prayed the appeal and the terms upon which it was allowed, the decree should be affirmed.

As shown by such supplemental record, Morton Culver was the party who prayed and was allowed the appeal.

The order, being a part of the decree so amended, and brought here by the last supplemental record, was as follows:

" Thereupon the defendant, Morton Culver, by his solicitor, Morton Culver, excepts and prays an appeal from the decree of this court to the Appellate Court in and for the First District of Illinois, which is allowed upon the said defendant filing an appeal bond in the penal sum of $250, with surety, etc.

The appeal bond that was filed was made by Nelson Culver, who was the maker of the mortgage sought to be foreclosed, "Morton Culver, as trustee," and Marie J. Kofoed, with a surety.

Neither of the persons who were found by the decree to be the holders of the notes secured by the said trust deeds to Morton Culver were parties to the appeal bond. It was recited in the appeal bond that the appeal had been prayed for, and allowed to the " said defendants," who are therein named as " Nelson Culver, Morton Culver as trustee, Marie J. Kofoed et al."

We have seen that the appeal was prayed for and allowed to Morton Culver only. No one, therefore, except Morton Culver, can be considered as having perfected the appeal that was allowed only as to him. And, as we have seen, he has no interest in the decree. Press v. Woodley, 57 Ill. App. 123; Wolverton v. Taylor, 157 Ill. 485.

We can, therefore, only affirm the decree.