## SWITZER V. KNAPPS, *et al.*

1. RECORD. The act relating to conveyances, approved January 23, 1843, (Rev. Stat. 1843) did not require separate books for records of mortgages and deeds, and the record of an absolute deed in a book labelled "mortgages," will be held a sufficient record when it is not shown that the absolute deeds were recorded in another book kept for that purpose.

2. DEED: SEAL. A written instrument for the conveyance of real estate, executed without the seal of the grantor, before the Code of 1851 went into effect, (section 974 of which abolishes private seals,) is insufficient as a deed to convey the fee, even when recorded after the Code went into force.

3. SAME. Where the record of a deed does not show a copy of the seal, as such copies are usually made in records, the presumption is that there was no seal in the original.

4. SAME: COVENANT TO STAND SEIZED TO USES. A deed defective in legal *force* may sometimes be construed as a covenant to stand seized to the use of the grantee. *Aliter* when the defect is in legal *formalities.*

5. SAME: CONTRACT TO CONVEY A deed defective in legal force and form as a conveyance of the fee, may sometimes, when accompanied by payment of the consideration and possession in the grantee, be construed as a contract to convey.

### *Appeal from Dubuque District Court.*

### WEDNESDAY, NOVEMBER 9.

THE original bill was filed by Israel Switzer, since deceased, and the present plaintiff is substituted as his admistrator. The bill is for an injunction to restrain a conveyance by the sheriff and to settle and quiet the title to certain tracts of land in Dubuque county.

The original complainant claimed as the father and sole heir at law of one Owen Switzer. The decree of the District Court was rendered in favor of the petitioner, and the respondents appeal.

The questions made, and the facts connected with them, appear in the opinion of the court.

*Smith & Poor* for appellant.

*Clark & Bissell* for appellee.

WOODWARD, J.—The controversy relates to the three fol-

lowing parcels of land: No. 1. S E ¼ of S W ¼, section 30, township 89 N 1, E 5th p. m. No. 2. N E ¼ of N E ¼, section 31, township 89, N 1, E 5th p. m. No. 3. N E ¼ section 31, township 89, N 1, E 5th p. m. The most brief and convenient method of referring to these, will be by the numbers in the foregoing order. The complainant's bill calls for the whole of the N E ¼ of section 31 above; but this is presumed to be an error in transcribing, as the exhibits (and the whole case) contain, and refer to, the north half only of that quarter, spoken of most frequently in the subdivisions numbered 2 and 3.

This is a suit in equity, and an appeal brings up the entire case for a hearing anew, upon the evidence, and therefore the objections made to the want of a bill of exceptions, are not well taken. Some objections would of necessity be shown below, but in the present instance the exception is to deeds which (or copies of them,) are made exhibits. These can be objected to in the court below, and on the appeal.

Israel Switzer, who filed the bill, claimed as the heir at law of Owen Switzer. The defendants claim under a judgment against John C. Hawley, who was the heir at law of John C. Hawley. This last named person sometimes called himself, and was known by the name of John C. Hawley, jr., and by this name we will designate him.

The burthen of the suit is the inquiry into the titles of Owen Switzer and of John C. Hawley, the father. It would require too much space to pass through the entire chain of title, and we will advert to those facts upon which the questions arise. One Judd entered tract No. 1; and Judd & Ezick Pitts entered No. 2. Judd conveyed No. 1 and the half of No. 2, to F. L. Casteel, and Casteel entered No. 3. Thus the latter holds Nos. 1 and 3, and the half of No. 2. Both parties claim from F. L. Casteel. The defendants through a deed from him to Paul Pitts, of 25th November, 1848, conveying tracts No. 1 and 3, and the half of No. 2; then through a deed from Paul Pitts to John C. Hawley, jr., who died without issue, leaving John C. his heir at law, against

whom the defendants recovered judgment and levied on the land.

The complainant claims under a quit-claim deed from the same Casteel to Lois Hawley, of July 1852, and he objects to the above deed from Casteel to Paul Pitts, because it was recorded in the "book of mortgages," claiming that therefore it did not operate as notice. He refers to the act of 23d January, 1843, (Acts 1843, p. 542, section 4.) There is no evidence showing whether that book was used for recording mortgages only, or whether as claimed by the defendants, it was merely labelled " mortgages," and was used to record both absolute deeds and mortgages. The law at that time (in 1848,) did not require separate books for these different instruments, and we see no ground upon which we can hold the record insufficient. Ezick Pitts, who entered No. 2 with Judd, had before conveyed the half of this tract to Paul Pitts, and this placed the entirety of these tracts in him. On 16th May, 1849, Paul conveyed the three tracts to Hawley, jr., who died without issue or wife, and the title descended to his father from whom defendants claim, unless its course was interrupted in the manner next mentioned.

The complainant claims by a quit-claim deed from Casteel to Lois Hawley, of July 1852, conveying parcels No. 1 and 3, and half of No. 2, for Casteel had but an undivided half of No. 2. Then Lois Hawley with her husband, John C. (the same as above named,) on 5th July, 1852, conveyed to Owen Switzer, as heir, to whom the original petitioner claimed. Another train of title to the petitioner is, that on the 17th March, 1850, Hawley, jr., conveyed the three tracts to his mother Lois Hawley, and she with her husband to Owen Switzer, as before stated.

But to the deed from Casteel to Lois Hawley, it is objected that Casteel had before (in 1848,) conveyed to Paul Pitts; the objection to which deed is above considered and held insufficient. Still the title is in Mrs. Lois Hawley by the deed from her son, if that is sufficient. But it is objected that this deed is not under seal, which is true, and it is contended

that it is therefore no deed. This deed was made in March, 1850, but not recorded till July 1852, and though the law at the first date required a seal, yet the petitioner urges that, as this was not required at the date of the recording, it is sufficient. This is not sound reasoning. Before the recording, the deed possessed all its force as an instrument. The record, under the Code, added nothing to this, but only gave notice of it as it was.

The complainant further asks, what if the copy does not show a seal. A scroll stands for this, and how can a scroll be copied? It is copied the same as a seal is, by the word "seal," or by a scroll, or by this and the word "seal," or the letters "L. S." without it. The copy of a deed without any mark indicating a seal, is evidence that there was none. This instrument, then, failed to place the title in Lois Hawley, as did that from Casteel. But it is urged that the deed from Hawley, jr., to his mother, may be treated as a covenant to stand seized to her use. The objection to it avails equally against this construction. An instrument which fails to operate as a conveyance, has sometimes been construed as a covenant to stand seized, but it must be sufficient in its formal parts to constitute a deed. It is the failure in the *legal force* of an instrument which has caused it to receive this effect, and not its defect in *legal formalities*.

The argument in favor of giving the deed the effect of a contract to convey, has more foundation. This is a bill in equity, in effect to settle and quiet the right and title. A court of equity will give effect to a contract to convey, even when in parol, if payment and possession accompany it. In this instance payment is acknowledged, the grantee, Lois Hawley, or her grantee, is in possession, and the instrument was acknowledged and recorded. The possession would be sufficient to put others upon inquiry, if the recording be considered as of no avail. These circumstances are sufficient to enable Lois Hawley to protect herself against third persons, if she still held; and we think her grantee is entitled to the same benefit from them. The equity is in favor of her, and

through her, in favor of the complainant. We do not think the court erred in sustaining the petitioner's claim.

It is unusual that the administrator should be substituted for the intestate in a suit relating to realty, but no exception is taken to it. It is noticed only that it may not be regarded as a precedent.

The decree of the District Court is affirmed.