## HALLOWAY v. PLATNER.

1. **Notice:** MISTAKE IN CONVEYANCE. H. executed a deed of trust conveying an undivided interest in certain lands to P. to secure a debt to R.; subsequently the trustee sold under the power in the deed H.'s interest to R., and afterward R. conveyed the same interest to the defendant; in the deed of trust and in all subsequent deeds there was a mistake in the description of the lands as to the range in which they were situated. The plaintiff, without any *actual* notice of the mistake in description, attached H.'s interest, after the deed of trust was executed, recovered judgment, and at a sale of the lands under special execution to satisfy his judgment, became the purchaser. *Held,* That he received and held the property under his sale discharged of any equities in the defendant by reason of the mistake.

2. —— MERGER BY PURCHASE. Where a creditor merges his judgment into a title, without actual or constructive notice of prior equities, he becomes a purchaser within the meaning of section 1211 of the Revision of 1860, and is entitled to equal protection, in the absence of equitable circumstances, with any other subsequent *bona fide* purchaser.

*Appeal from Mills District Court.*

TUESDAY, FEBRUARY 6.

A PROCEEDING for a partition of certain lands described therein, at the trial of which the plaintiff's petition was dismissed and he appeals.

*J. M. Dews* for the appellant.

*C. Baldwin* for the appellee.

LOWE, Ch. J. — The case was tried by the court, upon the following agreed and admitted facts:

In July, 1853, the defendant and Daniel Herryford entered the lands described in the petition. In October, 1856, Herryford made a deed of trust upon his undivided half of said lands to Ira Platner, to secure a debt due one S. H. Riddle. In doing so, he described the land, by mistake, as situated in range

44 instead of 43, the true range. In May, 1859, Platner, the trustee, by virtue of the authority in the trust deed, sold Herryford's interest in said lands to Riddle, making him a deed therefor, and still describing the lands in the wrong range. Afterwards Riddle conveyed to defendant, by the same erroneous description, the land in question.

On the 6th of February, 1858, Herryford's interest in said land, by its proper description, was attached at the suit of plaintiff. In February, 1859, the plaintiff recovered judgment against Herryford, and, in April following, the attached premises were sold to the plaintiff in this suit; and on the 5th of May, 1860, the sheriff executed and delivered to plaintiff a deed for Herryford's undivided half of said lands. At the date of· said purchase and sheriff's deed, plaintiff had no actual notice that Herryford's interest in said land had been incumbered and lost to him.

Under this state of facts the court dismissed plaintiff's action for partition, holding that defendant's title to Herryford's undivided interest, with its defective description as to range, was paramount to plaintiff's title thereto.

In this the court was mistaken. Neither the deed of trust nor the subsequent conveyances down to Platner the defendant, described the lands which plaintiff asks in his petition may be partitioned, but they described lands, materially variant, situated entirely in a different range. The recording of these several conveyances, therefore, cannot have the effect of imparting constructive notice to a subsequent purchaser. There appears to be no facts agreed upon, which should put such purchaser, or any reasonably prudent man, upon inquiry; whilst, upon the other hand, it is admitted, that the plaintiff had no actual notice of the mistake mentioned, or that Herryford's interest in the land had been sold. Why shall he not, then, be treated and protected as an innocent purchaser?

It is claimed that this case falls within the rule laid down in *Welton* v. *Tizzard et al.*, 15 Iowa, 495, in which 2. — merger by purchase. it was held, that the lien of a subsequent judgment creditor in this State, was not paramount to the lien or equity of a prior mortgagee, as to lands intended to be mortgaged, but which, by accident or mistake, were misdescribed.

In that case, the controversy was between two creditors as to the priority of their respective liens. Before the creditor had converted his judgment lien into a title, by a sale and purchase of the property under execution, the mortgagee filed his bill in chancery to correct the misdescription of the mortgage premises, which affected the judgment creditor with a *lis pendens* notice of his equities, and he could not thereafter become the *bona fide* purchaser of the same.

In the case at bar, Riddle filed his bill in equity, it is true, against Herryford and wife, to correct the mistake, in the description of the property, in his deed, which suit is still pending. But this was done after Halloway, the plaintiff, had ceased to be a creditor and lien holder, and had become the possessor of the title by purchase at sheriff's sale. As such, his rights are not unlike that of any other purchaser, and if innocent, should be protected. Our registry law, as we now have it, does not protect attaching or judgment creditors against unrecorded deeds and mortgages, nor in equity, against such instruments, whether recorded or not, when by mistake they misdescribe the property intended to be conveyed or incumbered. *Bell* v. *Evans*, 10 Iowa, 353; *Seevers* v. *Delashmutt*, 11 Id., 174; *Welton* v. *Tizzard et al.*, 15 Id., 495; *Vannice* v. *Bergen*, 16 Id., 555.

But when a creditor merges his judgment into a title, without actual or constructive notice of prior equities, he becomes a purchaser, within the meaning of section 1211

of the Revision, and is entitled to equal protection, in the absence of equitable circumstances (see *Vannice* v. *Bergen*, *supra*), with any other subsequent *bona fide* purchaser. It is in this attitude the above facts place the plaintiff, and we feel that we must reverse and have the cause remanded.

Reversed.