MARY L. TODD, Respondent, *v.* THE UNION DIME SAVINGS INSTITUTION OF THE CITY OF NEW YORK, Apellant.

The record of a deed, to be effectual as evidence of a conveyance of a legal title to the land described, must, in some manner, represent that the instrument was sealed.

Without the seal, the record simply represents a conveyance of the equitable title.

When, however, the attestation clauses in and to the deed as recorded, represent it to have been sealed, and the deed subsequently produced, or a record

thereof subsequently made, shows a seal, the previous record furnishes no affirmative evidence of the absence of a seal at the time it was made, such as to require, to sustain the claim that the conveyance was duly sealed, evidence that the seal was not surreptitiously placed thereon after that record.

In an action to recover back an installment of purchase-money paid upon a contract for the sale and conveyance of a legal title by defendant to plaintiff of certain premises, the latter claimed a defect of title in that the deed under which defendant claimed was without a seal; she produced in evidence a record of the deed; the attestation clause stated the grantor had thereunto "set her hand and seal." Under the signature was the words "sealed and delivered in the presence of" P., who it appeared took the acknowledgment. There was no mark after the name of the grantors indicating a seal, but simply a dash. An employe in the register's office for many years testified that a dash was the customary mark to denote the absence of a seal when an instrument was recorded; he also testified it was the custom of the office to return a paper left for record requiring a seal and having none, if its absence was noticed. Defendant's evidence was to the effect, that, about three years after the conveyance, on application to it for a loan, secured by mortgage on the property, its counsel, discovering that no seal appeared on the record, obtained the original deed, upon which was a seal, and procured it to be again recorded; the record showing a seal. P. testified that he witnessed the execution of the deed, and took the acknowledgment, and that there was then a seal upon it; that his attention was particularly called to that fact; that when he took acknowledgments of such instruments he invariably looked to see if there were seals after the signatures. The court found that the deed was not sealed at the time of its delivery. *Held*, error; that the record as first made was simply ineffectual as evidence of the conveyance of a legal title and did not operate as a notice of such a conveyance; that the declaration of the grantor and the subscribing witnesses to the effect the deed was sealed, together with the fact when afterwards found and recorded it had a seal, required, in the absence of evidence to the contrary, the conclusion that the seal was upon it when delivered; and that no such opposing evidence was furnished by the original record.

(Argued December, 19, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1887, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

On the 1st day of December, 1885, the parties entered into a contract whereby the defendant agreed to sell to the plaintiff certain premises situated in the city of New York, and on receiving payment of the consideration as therein mentioned to execute and deliver to her "a proper deed, with covenant against grantor's acts, for the conveying and assuring to her the fee simple of the said premises." The plaintiff on her part agreed to pay for them $32,000, as follows: One thousand dollars at the time of making the contract, $1,000 on delivery of the deed, $10,000 by the assignment of a mortgage, and the residue by her bond secured by mortgage on the premises.

The time to complete the purchase and delivery of the deed was December 30, 1885. The plaintiff paid to the defendant the first $1,000. This action was brought to recover it back with interest. And the plaintiff recovered accordingly.

Further facts appear in the opinion.

*Wm. H. Arnoux* for appellant. There is no power or authority conferred by law upon the register to record in the *libers* of conveyances any unsealed instrument, and therefore the *liber* was not competent proof of that fact. (1 R. S., 738, § 137; *Starkweather* v. *Martin*, 28 Mich. 471; *Chambers* v. *Bernescom*, 1 C. M. & R. 347; *R.* v. *Clapham*, 4 C. & P. 29.) The fact that the instrument is recorded under the statute conclusively establishes that it had a seal, and the court decided erroneously in finding as matter of law that the instrument was delivered without a seal. (*Starkweather* v. *Martin*, 28 Mich. 471; *Geary* v. *City of Kansas*, 61 Mo. 378; *Hedden* v. *Overton*, 4 Bibb. 406; *Griffin* v. *Sheffield*, 38 Miss. 359; *Sneed* v. *Ward*, 5 Dana, 187; *Smith* v. *Dall*, 13 Cal. 510; *F. M. Co.* v. *N. B. M. Co.*, 16 Nev. 302; *La Franc* v. *Richmond*, 5 Sawyer, 603; 2 Black. 295; *Jones* v. *Martin*, 16 Cal. 165.) Even if the original deed had been produced, and it had no seal, the legal presumption is that it was sealed when it was delivered, and, in absence of direct proof to the contrary, the presumption must prevail. (*In re Sandiland*, L. R. [6 C. P.] 411; *Talbot* v. *Hodson*, 7 Taunt, 251; 1 Sudg. on Powers, 283; Matthews on Pres. Ev.,

36; Taylor on Evidence, § 128; 62 N. Y. 105; *Robinson v. Wheeler*, 25 N. Y. 252; *People v. Snyder*, 41 id. 397; *McMahon v. Harrison*, 6 id. 443.) The presumptions raised by the declarations in the deed from Ferris to Rowe that the deed was signed and sealed, the subsequent or second record of the deed made the title free from all reasonable doubt, and a marketable one. (*O. L. Home v. Thompson*, 108 N. Y. 654; Preston's note to Sheph. Touchs. 83; *Roe v. Franmarr*, 3 Smith's L. C. 1786; *Croft v. Lamley*, 5 E. & B. 648; id. 682; 6 L. H. Cas. 672; 1 W. & T. [L. C.] 277; *Wade v. Paget*, 1 Bro. C. C. 363; *Cockerell v. Cholmondely*, 1 R. & M. 424; 1 C. & F. 60; *Briggs v. Partridge*, 64 N. Y. 357; *Williams v. Gillies*, 75 id. 197.) The court below erred in refusing to receive the evidence of Mr. Pinkney as to the declaration that Mrs. Ferris had made to him respecting the sealing of said deed by her. (Stevens on Evidence, art. 28; *Gleadow v. Atkin*, 1 C. & M. 423; *Stobart v. Dryden*, 1 M. & W. 617; *Marks v. Lahn*, 3 Bing. 408; *Highman v. Ridgway*, 10 East. 109; *Livingston v. Arnoux*, 56 N. Y. 507; *C. B. Co. v. Paige*, 83 id. 178, 192; *Taylor v. Gould*, 57 Penn. St. 152; *Hobensach v. Hollman*, 17 id. 154, 158; *Humes v. O'Bryan*, 74 Ala. 64; *Chase v. Smith*, 5 Vt. 556; *Bird v. Hueston*, 10 Ohio St. 418; *Commonwealth v. Densmore*, 12 Allen, 537; *Dwight v. Brown*, 9 Conn. 83, 92; *Webster v. Paul*, 10 Ohio St. 531, 536; *Doe v. Robson*, 15 East. 32; *Davies v. Humphreys*, 6 M. & W. 153; *Percival v. Nanson*, 7 Exch. 1; *Losee v. Losee*, 2 Hill, 609.; *Doe v. Ridgway*, 4 B. & Ald. 55; *McElwee v. Sutton*, 2 Ball. 128; *Crouse v. Miller*, 10 S. & R. 155; *Van Dyke v. Thompson*, 1 Harr. 109; *Gardenshire v. Parks*, 2 Yerg. 23; *Church v. Ten Eyck*, 1 Dutch. 40; *Boylan v. Meeker*, 4 id. 294; *Wright v. Littler*, 3 Burr, 1244; *Aveson v. Lord Kinnaird*, 6 East, 195; *Doe v. Ridgway*, 4 B. & Ald. 53; *Otterson v. Hoffard*, 36 N. J. L. 129, 132; *Neely v. Neely*, 17 Penn. St. 227; *Stobart v. Dryden*, 1 M. & W. 615; 86 N. Y. 547.) This decision violates the requirements of the Revised Statutes that effect is to be given to instruments conveying an estate in land. (1 R. S. 748, § 2;

*Moran* v. *McLarty,* 75 N. Y. 25; *Newton* v. *Pope,* 1 Cow. 110; *Loomer* v. *Meeker,* 25 N. Y. 361; *Ellwood* v. *U. F. Co.,* 45 id. 549, 554; *Wohlfahrt* v. *Beckert,* 92 id. 460.) As the plaintiff did not await a suit in equity to enforce the contract, but proceeded in an action at law to demand of the court the enforcement of a right, the burden of proof was upon the plaintiff to establish that the defendant's title was absolutely bad before she could be entitled to a recovery. (*Hayes* v. *Nourse,* 114 N. Y. 595; *Moser* v. *Cochrane,* 107 id. 35; *O'Reilly* v. *King,* 28 How. Pr. 408; 2 Robt. 587; *Lyddall* v. *Weston,* 2 Atk. 20; *Romilly* v. *James,* 6 Tasvort, 263; *Burwell* v. *Jackson,* 9 N. Y. 542; *M. E. C. Home* v. *Thompson,* 20 J. & S. 321; *Bayliss* v. *Stimson,* 21 N. Y. 225; 1 Dart on Vend. [6th ed.] 222.) The taking of an acknowledgment by a duly authorized officer, is an act of such a character that the statements in the certificate bind the court, unless the same are impeached for fraud or duress. (*Heeter* v. *Glasgow,* 79 Penn. St. 79; 21 Am. Rep. 46; *Williams* v. *Baker,* 71 id. 476; *Kerr* v. *Russell,* 69 Ill. 666; *Ridgeley* v. *Howard,* 3 H. & McH. 321.)

*Wm. A. Boyd* for respondent. The paper writing purporting to be a deed, signed by Catharine A. Ferris, to Griffith Rowe, dated December 1, 1870, did not pass the legal title to said premises, as the same was not under seal, and was therefore inoperative and ineffectual for that purpose. (3 R. S. chap. I, art. 4, §§ 137, 138; *Richards* v. *Boller,* 6 Daly 460; *Morss* v. *Salisbury,* 48 N. Y. 637; *Holliday* v. *Marshall,* 7 Johns. 211; *Jackson* v. *Wood,* 12 id. 73; *Jackson* v. *Wendell,* 12 id. 335; *People ex rel.* v. *Gillis,* 24 Wend. 201; *S. S. Bank* v. *S. C. Society,* 127 Mass. 516.) The burden of the proof is on the defendant to show by whom the seal was placed on the paper writing, and that the same was placed thereon by Catharine A. Ferris, or by her authority. (*Herrick* v. *Malin,* 22 Wend. 388; *Jackson* v. *Osborn,* 2 id. 555; *Smith* v. *McGowen,* 3 Barb. 404; *Town of Solon* v. *W. S. Bank,* 114 N. Y. 123–135.) The defendant contracted

to convey the said premises to the plaintiff by a good title in fee simple, and the plaintiff was not bound to accept a deed from the defendant when the defendant had no title, and the title to said premises was bad. (*Fletcher* v. *Button*, 4 N. Y. 396; *Hellreigel* v. *Manning*, 97 id. 56; *M. E. C. Home* v. *Thompson*, 108 id. 618.) The paper writing signed by Catharine A. Ferris did not convey a good title in fee simple, and in case the plaintiff completed her purchase, she would have a mere equitable interest. (*Grandin* v. *Hernandez*, 29 Hun. 397.) The plaintiff was justified in refusing to take title from the defendant under the circumstances. (*Fleming* v. *Burnham*, 100 N. Y. 1.) The court below was right in sustaining the objection to the question, "What was said in regard to the matter, between you and Mr. Ferris? It called upon the witness to disclose a communication made by a client to him as an attorney and so was incompetent under section 835 of the Code of Civil Procedure. (*Yates* v. *Olmstead*, 56 N. Y. 632; *Root* v. *Wright*, 84 id. 72; *Westover* v. *A. L. Ins. Co.*, 99 id. 56; *Merritt* v. *Seaman*, 6 id. 168; *Tooley* v. *Bacon*, 70 id. 34; *Neil* v. *Thorn*, 88 id. 270.)

BRADLEY, J. The alleged ground upon which this action was brought to recover back the amount of the purchase-money paid by the plaintiff is, that the defendant was not able to convey to her the title to the premises, which it undertook by this contract of sale to convey. The time for the completion of the purchase had arrived before this action was commenced. And if, as alleged, the defendant could not perform the contract on its part, the plaintiff was excused from further performance, and had the right to demand and recover the amount of the purchase-money she had paid to the defendant. (*Fletcher* v. *Button*, 4 N. Y. 396.) That which the defendant undertook by the contract to convey to the plaintiff, and that only, which she was required to take, was the legal title, unembarrassed by any reasonable doubt, or, in other words, it should be what is commonally understood as a marketable title. (*M. E. Church Home* v. *Thompson*, 108 N. Y. 618; *Fleming* v. *Burnham*, 100 id. 1; *Ferry* v. *Sampson*, 112 id. 415.)

On the first day of December, 1870, the title to the premises was in Catharine A. Ferris, who made to Griffith Rowe an instrument of that date, purporting to convey them to him. The defendant's title is dependent upon that instrument, which in terms contained the elements of a full covenant warranty deed. The ground of the alleged defect in the defendant's title, and upon which the plaintiff bases her claim to recover back the money paid, is, that the instrument so made by Mrs. Ferris was not sealed by her at the time of its delivery to Rowe. And the trial court so found.

The main question arises upon the defendant's exception to that finding of fact. If there was no evidence tending to sustain such finding, the exception was effectual to raise a question of law for review. (Code, §§ 992, 993; *Sickles* v. *Flanagan,* 79 N. Y. 224.) The question, therefore, arises whether there was any evidence to support the conclusion that the conveyance referred to was delivered without seal. The plaintiff seeking to recover back the money·paid by her upon the contract, assumed the burden of proof to establish a defect in the title, which the defendant was able to convey, or that it was the subject of such reasonable doubt as to render it unmarketable. And for the purpose of establishing that fact, she produced the record made in the register's office of the city of New York, in liber 1160 of conveyances, January 9, 1871, which purported to be a conveyance by Mrs. Ferris to Mr. Rowe of the premises in question. Upon the left margin near the top, was represented a fifty dollar internal revenue stamp, and following the name subscribed to it was no mark of a seal, but there appeared a short horizontal dash. The attestation clause was: " In witness whereof the party of the first part has hereunto set her hand and seal, the day and year first above written ; " and beneath that appeared this attestation : " Sealed and delivered in the presence of Wm. H. Post." The acknowledgement appeared by this record to have been taken by Wm. H. Post, as notary public, January 4, 1871.

The assistant deputy register, who had been employed in

the office for over twenty years, testified that a dash was the customary mark made to denote that there was no seal on an instrument at the time of its record, and he added that it was customary in the office to return a paper requiring a seal and having none, left for record, if the absence of a seal was noticed. It does not appear that the witness had any personal knowledge of this record other than what is represented by it, nor does it otherwise than by his statement of the custom in that respect, appear by whom the dash was made upon it. This constitutes the evidence on the part of the plaintiff.

It is evident that Mrs. Ferris intended to convey the property to Mr. Rowe by the instrument she made and acknowledged and that she supposed she had, because she afterwards loaned $40,000 secured by mortgage taken by her upon it. And after that when the defendant contemplated making a loan to be secured by a mortgage upon the same property, the title was examined by its counsel, who, seeing that no seal appeared by the record · before mentioned, sought for and obtained the original deed upon which there then was a seal, which to him had no appearance other than as having been there when the deed was delivered. He caused the deed to be and it was recorded in liber 1291 of conveyances in the register's office on May 7, 1874, in which it is represented as being sealed by "[L. S.]" following the name of the grantor subscribed to it. He advised the loan and it was made by the defendant, and secured by a mortgage on the premises. These two records differ only in the mark of a seal on the latter not appearing on the former, and upon the margin of each is a reference to the place of record of the other. Then William H. Post testified that he witnessed the execution of the instrument by Mrs. Ferris, and took and certified her acknowledgment, that there was a seal upon it when he did so; that his attention was particularly called to the fact that there was a seal upon this deed, and that when he took acknowledgment of such an instrument he invariably looked to see whether there was a seal upon it after the signature. The transaction was fifteen years before the trial, and in view of the fact that

such time had elapsed, and as he testified, he had taken quite a large number of acknowledgments of the execution of deeds made by Mrs. Ferris, whom he knew very well, there may have been some opportunity for the court to conclude that the recollection of the witness in respect to the seal of this particular deed was not entirely reliable or satisfactory. Mrs. Ferris died about two years before the trial. The original deed was not produced. Nor was the testimony given of any person who ever saw it, except that of Mr. Post and the person who as before mentioned obtained the deed and caused the record of it to be made three years after its delivery. For the conveyance of the legal title a seal to the instrument was requisite. (1 R. S. 738, § 137.) If, therefore, the instrument was not sealed, the defendant did not have such title as it had undertaken to convey to the plaintiff, although the conveyance had the effect to vest the equitable title to the premises in the party taking it, and all others succeeding to his right in that respect. The effect as evidence upon the question in this case of the record without any mark of the seal upon it, is properly and perhaps essentially the subject for consideration. The purpose of the statute providing for the record of conveyances was to preserve the evidence of them, and to furnish notice to those who might seek to acquire or might obtain some interest in real property of the condition of the title. The effect of the record is such as the statute gives to it. For the purpose of making a conveyance of record, certain formalities in verifying its execution must be observed, and they are essential to give any effect to the record, and then the record or a transcript of it duly certified may be read in evidence with the like force and effect as the original conveyance. (1 R. S. 759, § 17; Code, § 935.) The record, to be effectual as evidence of the conveyance of the legal title to the property mentioned in it, must in some manner represent that the instrument was sealed. The record as first made did not have any mark of the seal of the grantor upon it, and was, therefore, ineffectual as evidence of the conveyance of such title to the premises. Was it as evidence any more comprehensive in its effect than that? The

record of a conveyance is by the statute made admissible as evidence, and its admissibility as such is to prove a conveyance so far as its legal import is to that effect, and to that extent it also has the character of notice to subsequent purchasers, etc. The first record, by reason of the omission upon it of any mark of a seal, failed to constitute evidence of the conveyance of the legal title, or to operate as notice to that effect to others who might subsequently become interested in the property. (*Frost* v. *Beekman*, 1 Johns. Ch. 288; 18 Johns. 544; *Mut. Life Ins. Co.* v. *Dake*, 87 N. Y. 257, 263; *Shepherd* v. *Burkhalter*, 13 Ga. 443; 58 Am. Dec. 523; *Chamberlain* v. *Bell*, 7 Cal. 292; 68 Am. Dec. 260; *Halloway* v. *Platner*, 20 Iowa, 121; 89 Am. Dec. 517; *Taylor* v. *Harrison*, 47 Texas, 454; 26 Am. R. 304.)

Assuming that this first record purported to represent a conveyance within the statute (1 R. S. 762, § 38.), it did not operate as notice that the legal title to the premises was conveyed by Mrs. Ferris to Rowe. It appeared in terms to represent a conveyance of the equitable title for a consideration paid. (*Tarbell* v. *West*, 86 N. Y. 280.) On the question whether the record was evidence that the original conveyance was not sealed, our attention is called to *Switzer* v. *Knapps* (10 Iowa 72; 74 Am. Dec. 375), where it was said, that "the copy of a deed without any mark indicating a seal is evidence that there was none." In that case the record relied upon to prove a conveyance and thus establish a title, gave no indication of a seal, and for that reason it was held insufficient evidence of a conveyance, and beyond that no question arose as to its character and effect as evidence. The dash appearing in the record in question, with the testimony in relation to it, adds substantially nothing material by way of evidence bearing upon the fact, whether the conveyance was sealed. The person who made the record was not produced as a witness, nor does it appear by whom or when the dash was made. The fact that it was usual or customary in the office to make such a mark, when there was no seal upon a recorded instrument, is not sufficient legitimately to produce the infer-

ence as evidence that it was in this instance made for that reason. It was no part of the record.

But when this record, essentially defective for the purpose of supporting the legal title, was shown by the plaintiff, the burden was cast upon the defendant to prove that it was able to convey such title as the contract required, or that the conveyance from Mrs. Ferris to Mr. Rowe was effectual to convey such title to the latter. This the defendant proceeded to do by proving the facts before mentioned, by which it appeared, in addition to the other evidence on the subject, that the deed, when examined three years after it was made, had upon it a seal, which is represented by the record then made. If the previous record had not been made, it would probably not be claimed that the appearance then of the seal upon the con veyance, would not have been sufficient evidence that it was there at the time of delivery. Such would have been the apparent effect. (*Ball* v. *Taylor*, 1 Carr & P. 417.) That situation was, and without the seal would not have been consistent with the declaration of the grantor and of the subscribing witness appearing upon the instrument, to the effect that it was sealed, which in connection with the fact that when afterwards found and recorded a seal was upon it, requires the conclusion that it was sealed at the time of delivery, unless there was some evidence interrupting the way to such conclusion. (*La Franc* v. *Richmond*, 5 Sawyer 603, *Starkweather* v. *Martin*, 28 Mich. 471; *Geary* v. *City of Kansas*, 61 Mo. 378; *Flowery Mining Co.* v. *North B. M. Co.*, 16 Nev. 302; *Jones* v. *Martin*, 16 Cal. 165; *In re Sandilands*, L. R. [6 C. P.] 411; *Williams* v. *Sheldon*, 10 Wend. 654.)

The view taken of the effect of the first record as evidence upon this question is, that it furnishes no affirmative evidence of the absence of a seal at the time it was made, requiring, for the support of the fact that the conveyance was duly sealed, evidence that the seal appearing upon it was not surreptitiously placed there after that record was made. There is no circumstance of suspicion tending in that direction, unless it arises from the omission of the mark of a seal on the record. When

the fact that there was a seal upon the conveyance appeared, as it did, the effect of the record in that respect was in its failure to represent it as sealed, rather than as evidence that it was without seal at the time the delivery and record were made. The record failed to show that there was a seal upon the instrument at the time the record was made; and afterward, when it was produced having a seal, the presumption was that the seal was upon it at the time of delivery and had continued there.

Grantees are not supposed to examine the records of their deeds to see that they are correctly made. Nor, since the registry statutes, are the title deeds supposed to pass from prior to subsequent grantees. If the effect of records as evidence should be deemed so extended as to make those of conveyances evidence *per se* to overcome something essentially appearing in the original and not in the record, it may be seen that much embarrassment might result, from errors of omission of clerks and registers, to parties holding property under recorded conveyances, especially after the opportunity is gone to furnish any proof on the subject other than that which the original instrument may supply.

If these views are correct, the evidence to the effect that the conveyance was sealed when delivered, is not controverted by any evidence. And it is represented by the record of 1874 as a deed. It follows that the finding, before referred to, of the court was without evidence for its support.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, except Potter and Haight, JJ., not sitting.

Judgment reversed.