NOTE.—See People *v.* Wayman, *ante,* and note.

RUFUS L. TODD, as Executor, etc., Appellant, *v.* THE UNION DIME SAVINGS INSTITUTION OF THE CITY OF NEW YORK, Respondent.

*Court of Appeals, October 6, 1891.*

1. *Appeal. Former decision.*—The decision of either branch of the court of appeals is the law of the case under review.
2. *Same.*—Where there is no material variation in the evidence on the latter, from that given on the former, trial, the decision upon the former appeal to the court of appeals will control it on the subsequent review.
3. *Vendor and purchaser. Title.*—A purchaser of real estate is not entitled to demand a title absolutely free from all suspicion or possible defect.
4. *Same.*—Marketable title, defined.

Appeal from judgment of the supreme court, general term, first department, affirming judgment in favor of defendant.

*Edward S. Rapallo*, for appellant.

*Wm. H. Arnoux*, for respondent.

EARL, J.—This action was brought to recover money paid by the plaintiff's testatrix upon the purchase price of land in the city of New York, on the ground of a defect in the defendant's title. The land formerly belonged to Mrs. Ferris, and in December, 1870, she conveyed it to Griffith Rowe, and the title came from him to the defendant through sundry intermediate conveyances. The only defect in the title alleged is that the deed from Mrs. Ferris was shown by the record in the register's office to have been at the time of the record without seal. The deed appears to have been lost and it was not produced at the time of the attempt to pass the title, or at the trial.

The action has been twice tried. Upon the first trial the plaintiff recovered judgment, which was reversed in the second division of this court. 118 N. Y. 337; 28 N. Y. State Rep. 697. The action was again tried, and Judge Barrett, who presided at the trial, said in his opinion, that "the testimony is rather stronger in support of the defendant's position with regard to the seal upon the deed in question than it was upon the first trial;" and Judge Van Brunt upon the last appeal to the general term said: "The facts are substantially the same as on the previous trial;" and so we think.

We cannot review the decision of the second division of this court. What was there decided is the law of this case. The main facts are stated in the opinion of BRADLEY, J., there written, and they need not be re-stated here. He held that there was no evidence whatever that the deed of Mrs. Ferris was without seal when it was delivered to Mr. Rowe, and on that ground he reached the conclusion that the judgment ought to be reversed.

Upon the first trial Mr. Arnold, who was counsel for the

defendant at the time it made a loan upon the property, about three years after the deed to Rowe, testified that finding that the record disclosed that the deed was at the time it was recorded without a seal, he sought for and obtained the deed, and found that there was a seal thereon; that he discovered nothing on the deed indicating that the seal had been placed there subsequently to the delivery of the deed; that he then caused the deed to be again recorded with the seal thereon, and that he then passed the title. His evidence, when properly read and understood, was substantially the same on the last trial. He and other witnesses testified that when a deed was left at the register's office, it was first examined to see if it was in proper form, properly executed, acknowledged and sealed; that if there was no seal, a blue pencil mark, not easily erased, was drawn over the place where the seal should be, and the words "no seal" were written with the same pencil upon the deed, and that the parties interested were notified of the defect; that if the deed was found to be in proper form and properly executed, it was placed upon file to await its turn for record; that it happened sometimes that before the record the seal would rub or fall off, and that when it came to be recorded the recording clerk finding no seal would, in the record, instead of the letters " L. S.," place a dash.

The original record of the deed to Rowe was found with this dash, indicating that at the time of the record there was no seal upon the deed. Arnold testified that when he examined the record he found the dash instead of the letters " L. S.," and that he refused then to pass the title for his client, the defendant; that he required the production of the original deed, that he might see whether there was some mistake in recording it, and whether there was a seal upon it, and that the deed was found and produced.

Upon the first trial he testified that there was a seal upon it, and that he then caused it to be again recorded, and then passed the title. There is not in this record in his evidence

the least indication that upon this vital point there was any change in his evidence, that his meaning had in any way been refreshed, or that there was any inconsistency whatever between his evidence upon the two trials. On the contrary, the trial judge, who was familiar with his evidence upon the first trial, stated in his opinion that the testimony for the defendant as to seal was stronger than it was upon the first trial. Yet there was either some confusion in his evidence upon the last trial, or it was improperly and carelessly reduced to writing by the stenographer. It can be so read now as to show that when he obtained the deed he found that there was no seal upon it, and no indication that there had ever been a seal upon it, and yet, if we read it in that way, we have the strange inconsistency that he first refused to pass the title because of the indication in the record of the absence of the seal, and that upon the production of the deed without any seal, he at once became satisfied with the title and passed it. It is clear that the evidence should not be so read. He testified: "They then produced to me the original deed of Catharine A. Ferris, which I recognized as the original deed because it had at the bottom the statement of the recording, and it was signed by Catharine A. Ferris, and there was no seal on it, and not the slightest indication of any kind that it ever had been there. There was nothing whatever upon the deed in blue pencil, a mark or dash of no seal, or anything to indicate there was any defect. I would not have taken it without a reacknowledgment if there had been. There was no impression to show that there had been any. There was Catharine A. Ferris' signature there. I then said this will have to be recorded."

On his cross-examination he testified, "There was no 'L. S.' there, and because there was no 'L. S.' there, I demanded another deed, or the production of the original deed. I told him I would not pass the title unless there was a deed produced to me from Catharine A. Ferris, either the original of that deed which I found on record without a seal which

would show there was a seal upon it, or a new deed which would supply the place of the deed which was recorded, in order to pass the title. I merely stated those were my objections to the title. I will not pass this unless certain things will be supplied. I cannot recollect who produced the deed. It was produced before I passed the title. I think it was produced in a few days after I made my objections. I scrutinized the deed very carefully. I examined it specially. I looked at the seal to see if there was any indication that a seal had been there. There was not the slightest indication." Now what did the witness mean to testify that he discovered as to the seal when he examined the deed? Clearly that he did not find the words " no seal " upon the deed written with a blue pencil, and did not find any blue pencil marks upon it, or any indication that these words or the blue marks had ever been upon it. He found the seal there, and no indication that any seal had been there before, and he became satisfied that the seal he then saw was the original seal which had been overlooked or by mistake omitted in the recording. Any other construction of the evidence would convict the witness of the greatest folly and misconduct in passing the title for a large loan, and also of the most palpable contradiction without any explanation of his evidence upon the first trial upon the turning point in the case.

We are, therefore, of opinion that there is no material variation in the evidence as to the seal from that given upon the first trial, and that the decision upon the former appeal to this court should control us.

Upon the first appeal the case came here with a finding against the title. It now comes here with a finding on all the evidence in favor of the title. A purchaser is not entitled to demand a title absolutely free from all suspicion or possible defect. He may claim a marketable title, and that means a title which a reasonable purchaser, well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would in the exercise of that prudence

which business men ordinarily bring to bear upon such transactions, be willing to accept and ought to accept.

The judgment should be affirmed, with costs.

All concur, except FINCH, J., absent.

### NOTE.

The decision of the former appeal is decisive of any subsequent appeal involving substantially the same questions upon the same evidence. Matter of N. Y., L. & W. R. R. Co., 59 Hun, 615.

So, the decision on former appeal must be followed on appeal from a judgment on a subsequent trial, if all the questions involved were determined upon previous occasion. McIntyre *v.* Costello, 58 Hun, 611.

The verdict on a second trial in conformity with the law laid down in the case on a prior appeal by the court of appeals, on substantially the same facts, will not be disturbed. Rumsey *v.* N. Y. & N. E. R. R. Co., 60 Hun, 585.

The decision of the same matters on a former appeal was held to be final in Evans *v.* United S. L. I. Co., 50 Hun, 606.

Where the essential features of the case are not changed on the new trial, a judgment, in accordance with the law laid down by the court of appeals, will be affirmed. Sanger *v.* Merritt, 60 Hun, 585.

An issue passed upon the former will not be reviewed on a second appeal. Oliwell *v.* Vanderhalven, 39 N. Y. St. Rep. 200.